## Shultz v. Hawkeye Insurance Company.

1. **Insurance**: CONTRACT. The premium note and policy together constitute the contract between the insurance company and the insured and from them both the conditions of the agreement are to be ascertained.

2. ————: FAILURE TO PAY PREMIUM. A policy of insurance stipulated that if the premium note was not paid within sixty days after maturity and suit for its collection should be commenced, this would operate as an absolute cancellation of the policy, which would not be waived by the collection of the premium: *Held*, that it was competent for the parties to stipulate for a termination of the company's liability upon a default in payment of the premium and that, accordingly, it was not liable for a loss suffered by a policy holder after collection of the premium note by action at law.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, DECEMBER 29.

This action is brought upon a policy of insurance to recover for a loss sustained by the burning of the insured property. The court rendered judgment for plaintiff upon a demurrer to the answer of the defendant, from which the latter appeals.

*Lake & Harmon* and *Phillips & Phillips*, for appellant.

Had there been no loss, the company would have been entitled to the premium, and had the loss occurred while the premium was over due and unpaid, defendant would not have been liable. (*Watrous v. Mississippi Valley Insurance Co.*, 33 Iowa, 582.) Had the loss occurred while the policy was suspended by non-payment, the company would still be entitled to the premium and not liable for the loss. (*Williams v. Albany City Ins. Co.*, 2 Am. Rep., 45.) If the risk terminated pursuant to any condition in the policy, without fault of defendant, the whole premium became due the insurer, although the time fixed for the running of the policy had not expired. (*Pratt v. N. Y. Cen. Ins. Co.*, 55 N. Y., 505.) The application, note and policy constitute the contract of insurance. (*Murdock v. Chenango Ins. Co.*, 2 N. Y., 221;

*Alston v. Mechanics' Mutual Ins. Co.*, 1 Hill, 511; *Billbrough v. Metropolis Ins. Co.*, 5 Duer., 587.)

*E. E. Hasner*, for appellee.

MILLER, CH. J.—The plaintiff's cause of action is stated in her amended petition as follows : That defendant, a corporation under the laws of Iowa, in February, 1872, issued to plaintiff its policy of insurance, agreeing to insure plaintiff against loss or damages by fire for five years from that date in the sum of three hundred and fifty dollars on her dwelling house, and fifty dollars on beds and bedding, fifty dollars on wearing apparel and fifty dollars on household furniture ; that said insured property was destroyed by fire on the 12th day of December, 1874, of which defendant was duly notified; that plaintiff had performed all the conditions contained in the policy on her part, and asks judgment, etc.

The answer admits the corporate character of the defendant, the issuing of the policy and the value of property destroyed as in the petition alleged, and denies the other allegations of the petition.

The answer further alleges that prior to the issuance of the policy, to-wit : on the 2d day of February, 1872, the plaintiff made an application in writing for such insurance for the term of five years, for the consideration of thirty-six 50-100 dollars, for the insurance therein specified, and requesting defendant to give her until the 1st day of February, 1873, in which to pay said consideration or premium for such insurance, which was consented to by defendant upon the express condition to be expressed in the policy and contract of insurance, that in case such note and premium was not paid when said note should become due, to-wit : on the 1st day of February, 1873, that then and in that event the said premium, note and consideration should be considered all earned and payable, and that said policy should at that date become null and void and the defendant released from all liability thereunder, and the plaintiff remain liable to pay said note and premium ; that, relying upon this agreement, defendant

accepted the note of plaintiff and granted the time of payment thereof, referred to in the policy and upon the faith of the said promise and agreement of plaintiff, defendant issued said policy which was accepted by plaintiff, with all the conditions and terms contained therein; that prior to the maturity of said note defendant notified plaintiff, by circular sent through the mails, of the time the same would become due; that plaintiff neglected and refused to pay the same or any part thereof, although afterwards specially requested to do so; that plaintiff still neglecting to pay said premium note, for more than sixty days after maturity, the defendant, on the 11th day of August, 1873, brought an action thereon in the Circuit Court of Polk county and recovered a judgment on the 3d day of October, 1873, against said plaintiff, which she paid on the 4th day of November, 1873; that this was the only payment of said note or any premium or consideration for said policy. It is further alleged that, by reason of the failure of the plaintiff to pay off the premium note as stipulated in the policy, the latter became null and void, and the amount paid on the judgment was by the terms of the policy to be deemed as earned for the time the policy had run, but that such payment did not have the effect to longer keep the policy in force, or revive the same upon the payment of the judgment, and that the defendant is not liable for the loss happening after the policy had thus become null and void.

The premium note is as follows:

"No. 10,876.

"The Hawkeye Insurance Company, of Des Moines, Iowa.

"On the first day of February, 1873, for value received, I promise to pay to the Hawkeye Insurance Company, at its office in the city of Des Moines, Iowa, thirty-six and 50-100 dollars, with interest at the rate of ten per cent per annum from date until paid, being premium for insurance under policy No. 10,876. And it is hereby agreed that if this note is not paid at maturity the whole amount of premium of said policy shall be considered as earned and payable, and the policy shall be null and void, and the company shall not be

liable for any loss or damage that may occur to the property insured while this note shall be overdue and unpaid.

(Signed)   SARAH SHULTZ."

The material parts of the policy with reference to the questions involved in this appeal are as follows:

\*   .\*   \*   \*   \*   \*   \*   \*

"Application and survey, No. 10,876, and said note on file are hereby made a part of this policy and warranty on the the part of the assured.

"Now, therefore, the said company do hereby promise and agree (subject to the conditions and stipulations herein and indorsed hereon, *and to the payment of the said note,* according to the terms thereof which constitute the basis of this insurance) to make good unto the assured, her executors, administrators and assigns, all such immediate loss or damage not exceeding in amount the sum or sums insured, nor the interest of the assured in the property above specified, during the term of five years, to-wit: from the 2d day of February, 1872, at 12 o'clock at noon, unto the 2d day of February, 1877, at 12 o'clock at noon, the loss or damage to be estimated according to the actual cash value of the property at the time the same shall happen. Provided always, and it is hereby declared and agreed that no insurance, whether original or continued, shall be binding until the actual payment of the premium, either in cash or by note, and when a note is given and received, either in whole or in part therefor, this company shall not be liable for any loss or damage under this policy or any renewal thereof occurring at a time when a note or any part thereof given for such premium, in whole or in part, shall be due and unpaid; that this company shall not be liable for any loss or damage by fire which shall happen or arise by any foreign invasion, insurrection, riot or civil commotion; or any military or usurped power, or by any earthquake explosion (except lightning, when this policy specifies to insure against lightning)." For copy, see transcript, pages 21–27.

Among the conditions referred to in said policy and the one upon which, together with those above set forth, the defendant relies is condition No. 5, which is as follows:

" 5. That where a note has been received in whole or in part for the premium named in this policy, or any renewal of the same, and the assured or his assigns fail to pay the same, or any installment, or any part thereof, at the time or times specified in such note or notes, such failure shall immediately terminate all liability of this company under this policy, and the company shall not in any case be liable for any loss or damage that may occur at a time when such note or any installment thereon, or any part thereof, shall be overdue and unpaid. If such note or notes or installment is paid after maturity and before suit brought, then this policy will come in force again at the date of such payment, provided that the company will not be liable for any loss or damage that may have occurred while such note or notes were thus overdue and unpaid, but if such note or notes or any installment are not thus voluntarily paid within sixty days after maturity, then all notes and installments given for such premium or any part thereof shall immediately become due and payable, and bear interest at the rate of ten per cent from that date; and the commencement of a suit or action in any court on such notes or installment thereof, after the expiration of said sixty days, shall be an absolute cancellation of said policy and renewal, so far as any liabilities of the company is concerned thereunder, and the whole amount of said premium and note and installment or installments shall be then earned, due and payable, and the commencement of such suit shall be a notification to the assured of that fact, and the commencement of such suit, or the collection of such note or notes or installments, by legal proceedings or otherwise, or any decree or judgment obtained thereon in any court, shall not in any case revive or bring into force again such policy or renewal, or any liability of the company thereunder; but the policy and renewal shall be and remain null and void, and any extension of the time of payment of said note or notes shall not be regarded or considered as a waiver of the above conditions, and if any such extension is asked or permitted it shall be on the express condition that the policy is suspended and the company not liable under this policy or renewal thereof during the time of such exten-

sion, unless such extension is indorsed in writing on the note and signed by the president or secretary of this company." * * * * * * * * * * *

The plaintiff demurred to the answer upon the grounds that the defendant had sued and obtained judgment on the premium note, and collected the same in full prior to the expiration of the term of the policy, and that the defense alleged is insufficient, the issuance of the policy, the loss and notice being admitted. The demurrer was sustained and, the defend-, ant refusing to amend, judgment was rendered for plaintiff. Defendant appeals from this judgment and assigns the ruling on the demurrer as error.

The court below ruled that the note contained "the binding contract between the parties," and that by its conditions the collection of the amount thereof by suit "restored the policy to life." This was a fundamental error on the part of the court. The policy rather than the note contains the contract binding between the parties as to the liability of the company in case of loss, but properly the policy and note together form the contract between the parties. *Murdock v. Chenango Ins. Co.*, 2 New York, 221. By the terms of the policy the company agreed and promised to pay the sums insured in case of loss, *subject to the conditions therein contained and to the payment of the notes.*

1. INSURANCE: contract.

The substance of the fifth clause of the policy is to the effect that if the note was not paid at maturity, the failure should immediately terminate all liability of the company under the policy, and the company in such case should not be liable for any loss occurring at any time when the note or any installment thereon should be overdue and unpaid, but if the note should be paid after maturity and before suit brought thereon, then the policy to come into force again from the date of such payment. If, however, the note was not voluntarily paid within sixty days after maturity and suit should be brought thereon after said time, the commencement of such action should operate as an absolute cancellation of the policy, so far as the liability of the company was concerned thereunder, and the whole amount of the premium note should be deemed earned,

due and payable, and the commencement of the action should operate as notice to the assured of that fact, and the commencement of such suit, or the collection of the note by legal proceedings should not operate as a waiver or renewal or have the effect to revive the policy and bring it into force again. By the terms and conditions of the policy and note, read and construed together, the suit on the note and its collection by legal proceedings did not operate to revive or restore the policy which had been rendered of no force by plaintiff's failure to pay the premium note according to the terms of the note and policy. On the contrary, such suit operated as a final cancellation of the policy, and the premium thus collected was by the contract of the parties to be deemed and taken as having been earned by the company for the time it had carried the risk named in the policy.

Most clearly by the very explicit language of the contract between the parties and their actions under it, the same had been annulled and its binding force terminated prior to the happening of the loss for which the action is brought, and it had not been revived or brought into force at the time of such loss. If the loss had occurred after the maturity of the premium note and before the same had been paid, it is conceded that plaintiff could not recover, and it has been so held by this court. *Watrous v. The Mississippi Valley Ins. Co.*, 35 Iowa, 582, and cases cited. A contract of insurance containing conditions of this character is, in the absence of fraud, valid and binding. *Ibid.* The parties may stipulate for the termination of the policy upon a failure to pay the premium. If, then, the plaintiff could not have recovered in case the loss had happened after the maturity of the premium note and before it was paid, for the reason that the failure to pay the premium as per contract had annulled the policy, then there can be no recovery for a loss happening after the collection of the premium by suit unless such collection had the effect to revive or restore the policy. By the explicit language of the policy such collection did not have that effect, and the policy was rendered absolutely null and void before the loss occurred.

The averments of the petition, together with the exhibits attached thereto, show that there was no fraud on the part of the defendant, nor any advantage taken of the plaintiff. She was explicitly and repeatedly notified by the defendant of its intention to collect the premium note, and to forfeit the policy by suit, in case she failed or refused to pay the premium according to the terms of the contract. She neglected to do so until the force and effect of the policy was absolutely and finally terminated, which was prior to the burning of the insured property. For such loss she cannot recover. The judgment must be

REVERSED.