Julia A. Seeley, Appellant, *v.* The Union Central Life Insurance Company.

*Forfeitures—Policy of law as to enforcement.*

Courts do not favor forfeitures but they cannot avoid enforcing them when the party by whose default they are incurred cannot show some good and stable ground in the conduct of the other party on which to base a reasonable excuse for the default.

*Insurance—Forfeiture for nonpayment of premium note—Affidavit of defense.*

Where extended time for payment of an insurance premium is granted for a note given, a stipulation that if the note given for the premium is not paid at maturity the policy, including all conditions for surrender or continuance as a paid-up term policy, should be null and void, is one that will be sustained by the courts. An affidavit disclosing such conditions must be accepted as a verity, and is sufficient to prevent judgment.

Argued Feb. 15, 1899. Appeal, No. 7, Feb. T., 1899, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 1897, No. 234, discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit on policy for $1,000 on the life of plaintiff's husband. Before McCLURE, P. J., of the 17th judicial district, specially presiding.

The facts sufficiently appear from the opinion of the court below discharging rule for judgment.

It is not necessary, as we view the case, for us to pass upon the construction of the paid-up term policy clause of the contract. Mr. and Mrs. Seeley gave their note for the premium due July 15, 1895. This note fell due on the 15th of October, and was renewed by another, which contained the following provisions: "Said policy, including all conditions therein, for surrender or continuance as a paid-up term policy, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity. In case this note is not paid at maturity the full amount of premium shall be considered earned and payable without reviving the policy." This note was never paid, and we think it clear that the failure of the makers to meet it at maturity was, as expressly provided therein, a forfeiture of the rights of the assured to a paid-up term policy, as well as all interest in the unearned portions of the premiums previously paid.

This case cannot be distinguished from Holly v. Metropolitan Ins. Co., 105 N. Y. 437, and we can add nothing to what Judge PECKHAM there says in support of the position that contracts of insurance, like all others where the language is plain and unambiguous, must be enforced by the courts as the parties have made them.

In consideration of the extension of the time of payment of a premium, and the opportunity thus afforded of keeping the policy in force for its full amount during the life of Seeley, he and his beneficiary waived, on their failure to meet their note at maturity, other rights which were theirs under the contract.

If the note was not to their liking they need not have signed it, but having given it without fraud or mistake, and failed to pay it when due the beneficiary cannot complain of the enforcement of its provisions.

And now, to wit: April 11, 1898, rule discharged.

Rule for judgment for want of a sufficient affidavit of defense refused. Plaintiff appealed.

*Error assigned* was discharging rule for judgment.

*T. M. B. Hicks*, with him *W. H. Spencer*, for appellant.—The words of a policy of insurance will be taken most strongly against the insurer; if it contains repugnant conditions, the court will enforce those which are in favor of the assured and will prevent a forfeiture; forfeitures are odious; they will not be enforced against equity and good conscience, and the court will scrutinize the transaction and require all the rights of the assured to be respected: Insurance Co. v. Cropper, 32 Pa. 351; Ins. Co. v. Drach, 101 Pa. 278; Girard v. Ins. Co., 97 Pa. 15; Matlack v. Bank, 180 Pa. 360.

There must be no cast of management or trickery to entrap a party into a forfeiture: Helme v. Ins. Co., 61 Pa. 107; Girard v. Ins. Co., 97 Pa. 15.

Conditions in contracts of insurance inserted for the benefit of the insurance company may be waived by the company; and generally slight evidence of waiver will be held sufficient: Kalmutz v. Ins. Co., 186 Pa. 571.

It is averred in the plaintiff's statement and not denied in the affidavit of defense, that the company did not forfeit the policy. It did, on July 31, 1896, more than three months after the maturity of the note, send the insured a notice that " the policy had lapsed and become void on March 15, 1896," the day of the maturity of the note. This is the mere recital of a supposed fact, and of a fact not true, for the insured, in any view of the case, had all of March 15, 1896, in which to pay the note.

" The mere fact that the note was not paid at maturity did not of itself avoid the policy. It gave the insurance company the option of declaring a forfeiture, but this option must be asserted by clear and unequivocal acts. The clause of forfeiture, being inserted in the note for the benefit of the company, may

be waived by failure to act, or other circumstances evincing an intention not to claim the benefit of the stipulation.   Whether the company has exercised such option, or waived their rights, is a question of fact for the jury, under all the circumstances of the case: " Ins. Co. v. French, 30 Ohio, 240.

The policy in suit is a specialty: 4 Thompson on Corporations (Bancroft-Whitney Co., 1895), sec. 5070, and Ohio statute there cited, and sec. 5081; the note is a parol or simple contract.   The principle that a specialty cannot be discharged or varied by a subsequent parol or simple contract, save upon sufficient consideration, should apply: 3 Am. & Eng. Ency. of Law, 892.

*Seth T. McCormick*, with him *Henry C. McCormick*, for appellee.—Punctuality in the payment of premiums of life insurance is of the very essence of the contract: Holly v. Insurance Company, 105 N. Y. 437; Smith v. Insurance Company, 103 Pa. 177.

The note was a written admission that the recital of payment in the policy was not to have the effect an actual payment would, and was an agreement that the policy should be void and surrendered in case the note was not paid: Kerns v. Ins. Co., 86 Pa. 171.

A request for the issue of a " paid-up " policy must be made while the original policy was in full life, and not after it had become forfeited for nonpayment of premiums: Smith v. Ins. Co., 103 Pa. 177.

The exact question here involved has been decided, not only in the case of Holly v. Insurance Co., supra, but also in the case of Insurance Co. v. Chowning, 28 S. W. Rep. 117.

OPINION BY RICE, P. J., May 18, 1899:

The insured having paid more than three annual premiums, three courses were open to him when the premium of July 15, 1895, was about to become due.   First, he might surrender his policy and obtain a paid-up policy for the amount stipulated in table "A."   Second, he might default in the payment, in which case the contract of insurance would become a paid-up term policy.   Third, he might pay the premium or with the consent of the company extend the time for its payment.   He chose the latter

course, and the company assented to it by accepting his note. He thus avoided the consequence of a default, namely, the conversion of the policy into a paid-up term policy which would expire in a little over two years. If as against him it did not become a paid-up term policy neither did it as against the company. The granting of this extension, as the learned judge of the court below correctly held, was a sufficient consideration in law for his stipulation that if the note given for the premium was not paid at maturity the policy "including all conditions therein for surrender or continuance as a paid-up term policy" should be null and void. This stipulation seems to be in entire harmony with the terms and conditions of the policy itself. The argument that the note was given for a loan to which the insured was entitled under the terms of the policy, that the proceeds of this loan were applicable to the payment of the premium, and, therefore, that there was no consideration for the waivers contained in the note is ingenious but it cannot be sustained upon the present state of the record. The affidavit of defense distinctly avers that it was given for the premium, and for present purposes we must accept this statement for verity. Nor was it necessary for the company on nonpayment of the note to formally cancel the policy or declare it forfeited and give immediate notice to the insured; for it was expressly provided therein as well as in the note that it should become null and void "without notice to any party or parties interested therein." Moreover the insured was notified within four months, and so far as now appears he did nothing. It is argued by the defendant's counsel that in the absence of evidence of some act from which a waiver could be inferred, a forfeiture took place at once. This position is well sustained by the authorities cited by them and we find nothing actually decided upon a similar state of facts in the cases cited by the plaintiff's counsel which conflicts with this conclusion. The case of Mutual Life Ins. Co. v. French, 30 Ohio, 240, is easily distinguishable, for, as was pointed out in Thompson v. Ins. Co., 104 U. S. 252, as well as in the case itself, the policy there under consideration contained no provision for forfeiture in case of the nonpayment of a note given for the premium. Courts do not favor forfeitures, but they cannot avoid enforcing them when the party by whose default they are incurred cannot show some

good and stable ground in the conduct of the other party on which to base a reasonable excuse for the default: Thompson v. Ins. Co., supra; Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437. No such conduct has been alleged thus far in this case. We conclude, therefore, that the motion for judgment for want of a sufficient affidavit of defense was correctly refused.

Appeal dismissed at the costs of the appellant, but without prejudice, etc.