JOHN O. MARSHALL, Admr. of Estate of EDWIN R. STEADMAN, Deceased, Appellant, v. MISSOURI STATE LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, May 31, 1910.

1. LIFE INSURANCE: Policy and Premium Notes Constitute One Transaction.   Where a policy of life insurance and notes given for the premium are executed simultaneously and the latter refer to the former, they constitute one transaction.

2. ———: ———: Stipulations in Premium Notes.   It is competent for insurer and insured to enter into an arrangement for settlement of the first year's premium on a life insurance policy partly in cash and partly in notes containing certain terms and provisions, and in that event, as between the company and insured, there is no law preventing stipulations in such premium notes from being as much a part of the contract as those in the policy.

3. ———: ———: ———: Forfeiture for Non-Payment: Construction of Notes and Policy.   Notes in part payment of a first premium which stipulated that the policy should become void on failure to pay the same at maturity, and which were contemporaneous with the policy and were taken by the

vice-president before it was issued, and were accepted by the company, became binding on both it and insured, notwithstanding a clause in the policy declaring it and the application should constitute the entire contract, the meaning to be attributed to that clause, in order to harmonize it with the other stipulations, and especially those in the notes, being that future alterations of the contract were prohibited, save in the mode prescribed.

4. ——: ——: ——: ——: **Repugnancy.** There is no essential repugnancy between a note given for part of the first premium of a life insurance policy, which provided that failure to pay it at maturity would render the policy void, and the provisions of the policy itself, which recited it was granted in payment of a certain amount, being the premium for the first year, and the annual payment of the same sum each year thereafter for a certain period; that it should be incontestable after one year from its date, provided premiums were duly paid; that, after it had been in force for one year, a grace of one month would be allowed in the payment of premiums; that after three annual premiums were paid if the policy remained in force the company would make a certain loan thereon, and that it would give insured an option in a table of loan values; nothing, however, being said about notes being given for premiums. And where an insured failed to pay such a note, and the amount paid by him in cash was not sufficient to keep the policy in force to the date of his death, the beneficiary was not entitled to recover.

5. ——: ——: ——: ——: **Effect of Insurer's Attempt to Collect Notes.** Forfeiture of life insurance for non-payment of premium notes given in part payment of the first year's premium was not waived because the company tried to collect them when due, as the notes stipulated the contract should stand annulled if they were not paid and the full amount of the premiums should be considered as having been earned by the policy remaining in force during the period previous to the default.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*A. A. Hunt* and *John O. Marshall* for appellant.

(1) It was the duty of the court to point out the competent and incompetent parts of the deposition, and

Marshall v. Life Insurance Co.

to exclude the incompetent parts. Hamilton v. Scull, 25 Mo. 165. The objection to the introduction of the deposition was timely, under section 2906, R. S. 1899, objections to incompetency and immateriality can be urged at any time. Rule 19, rules St. Louis Circuit Court, p. 14. The deposition was incompetent, one party to giving of notes being dead. R. S. 1899, sec. 4652; Banking House v. Rood, 132 Mo. 256; Chapman v. Dougherty, 87 Mo. 617; Kaho v. King, 19 Mo. App. 44; Weiland v. Weiland, 64 Mo. 168; Sitton v. Shipp, 65 Mo. 297. Van Fleet not a competent witness. Banking House v. Rood, 132 Mo. 256; Chapman v. Dougherty, 87 Mo. 617; Kaho v. King, 19 Mo. App. 44. Notes were immaterial and irrelevant, and improperly admitted in evidence. They were contradictory of the policy and of each other. Contrary to Act of 1907, p. 316. (2) It was error to permit the witness Stearnes to testify from a memorandum not made by himself, and error to admit the memorandum in evidence. Fraber v. Hicks, 131 Mo. 180. The introduction of the sixty-day note (exhibit B to the deposition) was improper. The notes were not a "charge" against the policy. A charge is "any lien on property of any description." 6 Cyc. 893; Mack v. Prince, 40 W. Va. 324; Bank v. Elliott, 125 Ala. 646. The conditions of policy could not be defeated by inconsistent expressions in collateral instruments. 25 Cyc., p. 743, note 75; 25 Cyc., p. 740, note 52; May on Ins. (4 Ed.), sec. 345F; Ins. Co. v. Hardie, 37 Kan. 673; Union Central v. Buxer (Ohio), 57 N. E. 66; Elliott on Ins., 130, note 47 and 48; Fithian v. North Western, 4 Mo. App. 386; Bacon on Insurance, sec. 130, note 48; Mut. Life v. French, 30 Ohio St. 240. The company was estopped from denying that premium was not paid. Mooney v. Home Ins. Co., 80 Mo. App. 192; Jacobs v. Omaha Life, 146 Mo. 523; Dobyn v. Bay State, 144 Mo. 95. (3) The court should have submitted the case to the jury, under proper instructions; the court should have advised the jury of the legal effect

of the language of the policy, leaving questions of fact to be determined by the jury. Primm v. Haren, 27 Mo. 205; Gannon v. Gas Co., 145 Mo. 503; McAfee v. Ryan, 11 Mo. 364; Turner v. Loler, 34 Mo. 461. Forfeiture was waived by the company. Rowe v. Brooklyn, 38 N. Y. Sup. 621; LaForce v. Williams, 43 Mo. App. 518; James v. M. R. F., 148 Mo. 1; Knarston v. Thaub, 124 Cal. 74; Moreland v. Union Central, 46 S. W. 516.

*Jones, Jones, Hocker & Davis* for respondent.

(1) The policy was null and void and not in force when the insured died. Duncan v. Life Ins. Co., 160 Fed. 646. (2) The policy provided for the payment of the amount thereof only in the event that it was in force when the insured died. (3) The policy was issued in consideration of the payment of $145.80, which amount was never paid. (4) The policy provides that non-payment of notes given as a charge against the contract will render policy null and void. The notes given for part of the first premium were not paid and the policy became null and void. (5) The notes given in part payment of the first premium provided for forfeiture of policy if they were not paid and the policy, therefore, became null and void when notes were not paid. (6) There was no waiver of forfeiture, for the notes provided that the notes were payable after forfeiture without reviving the policy. Duncan v. Life Ins. Co., 160 Fed. 646; Life Ins. Co. v. Murray, 86 S. W. 813; Life Ins. Co. v. Chowning, 28 S. W. 119; Laughlin v. Life Ins. Co., 28 S. W. 413; Insurance Co. v. K. T. Lodge, 32 Tex. Civ. App. 328; Schultz v. Ins. Co., 42 Iowa 239; Shakey v. Ins. Co., 44 Iowa 540; Blackberry v. Ins. Co., 83 Ky. 574; Smith v. Ins. Co., 6 Dak. 433; Williams v. Ins. Co., 19 Mich. 451.

GOODE, J.—Action on a policy of life insurance issued by defendant company on the life of Edwin R. Steadman, dated October 12, 1905, whereby defendant

promised to pay the executors, administrators or assigns of the assured, or such other beneficiary as he might designate in accordance with the terms of the policy, the sum of three thousand dollars on receipt of satisfactory proof of the death of the insured, or, if he was living and the policy in force October 12, 1925, to pay him said sum. The policy recited it was granted in consideration of the application for it, which was part of the contract, the payment of $145.80 premium for one year's insurance, and the annual payment of said sum October 12th every year thereafter for twenty years or until the death of the insured. When he applied for the policy, the insured paid $95.80 on the first year's premium and executed two notes for twenty-five dollars each, one to fall due in thirty days after its date, and the other in sixty days after, which money and notes were accepted by the company. The two notes were identical except as to dates of maturity, the first one reading as follows:

"$25.00          Company Form Note.
               "East St. Louis, 10-11-1905.
"Interest. . . .

"Thirty days, without grace, after date, for value received, I promise to pay to the order of the Missouri State Life Insurance Company, Twenty-five Dollars, at . . . being in payment of part of the first annual premium on Policy Number 20,992, in said company. Said policy including all conditions therein for surrender or continuance as a paid-up term policy, shall without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity, with interest at six per cent per annum, payable annually.

"In case this note is not paid at maturity, the full amount of premium shall be considered earned as a pre-

mium during its currency and the note payable without reviving the policy or any of its provisions.

"Postoffice address, East St. Louis, Ill.

"EDWIN R. STEADMAN."

The policy declared it and the application together should constitute the entire contract which could "only be varied in writing at its home office in St. Louis by the president, vice-president or secretary of the company." The policy further declared as follows: It should be incontestable after one year from the date of its issue, provided premiums were duly paid; after it had been in force a year, a grace of one month would be allowed in the payment of subsequent premiums; after three annual premiums had been paid with the policy in force, the company would loan on the security of it, at six per cent interest, its full loan value as shown in the table it contained, setting forth its value in different years; after three annual premiums had been paid, the company would give the insured the choice of three different options shown in the table, which we need not recite as they are not pertinent to the appeal. The application for the insurance was taken by the vice-president of the company October 11, 1905, and it was to the vice-president the insured executed the two notes for the part of the first premium. At maturity the notes were sent to a bank for collection; but the bank returned them unpaid. Steadman died July 24, 1906, and plaintiff was appointed administrator of his estate, in which capacity he instituted the present action. The defense set up in the answer is that the insured, at the time the policy was issued, executed to defendant the two notes which declared they were in part payment of the first annual premium and that the policy should, without notice to any one, become null and void on failure to pay either of the notes at maturity; that a fruitless demand was made for the payment of them when they matured,

and thereby the policy became void and was not in force when Steadman died. After denying in the reply the averments of the answer, plaintiff alleged that if defendant was entitled to have the policy forfeited for failure of the insured to pay either of the notes at maturity, it waived the right of forfeiture by its course of dealing with Steadman and by attempting to collect the notes. When the evidence was in, the court directed a verdict for defendant, which having been returned and judgment entered accordingly, this appeal was taken.

Plaintiff insists the stipulation in the premium notes that the policy should become null and void on failure to pay a note, and that, too, without notice to anybody interested, was no part of the contract between the insurance company and Steadman, for two reasons: First, because said stipulation was inconsistent with the terms of the policy itself, and second, because the policy provided it and the application should constitute the entire contract. It is conceded the notes were executed simultaneously with the policy, and as the notes refer to the policy, the several instruments constitute one transaction. Nothing is said in the policy about the notes being given for premiums, and likely, the form was prepared with no thought of this being done, but in contemplation of the premium being paid in cash. Yet if these parties chose to enter into an arrangement for settlement of the first year's premium partly in cash and partly in notes containing certain terms and provisos, it was competent for them to do so. And, in any event, we know of no rule of law which would prevent the stipulation in the notes from being as much a part of the contract between the parties as the stipulations in the policy. That is to say, as between the company and the insured; for it must be borne in mind no third party was designated as beneficiary, but the policy was made payable to the executor or administrator of the insured, and his administrator can have no enlarged right in the

contract beyond what he himself took. Beyond question, the terms in the note became part of the terms of the contract between the parties, unless the stipulation in the policy, that the policy itself and the application should constitute the entire contract, compels another conclusion. This term of the policy was intended to prevent an alteration of its tenor and effect by any agreement made subsequent to the date of its issue, unless the agreement was assented to in writing at its home office by the president, vice-president or secretary of the company. The notes were contemporaneous with the instrument, and, moreover, were taken by the vice-president before the policy was issued, and were accepted.by the company, became binding on it, and we hold were binding also on the insured, notwithstanding the clause of the policy which said it and the application should constitute the entire contract. Keeping in mind the fact that the notes were presented and accepted as part of the contract, the meaning to be attributed to said clause of the policy, in order to bring it into harmony with the other stipulations, and especially those in the notes, is that it prohibited future alterations of the contract save in the mode prescribed. [Duncan v. Life Ins Co., 160 Fed. 646.]

It is further contended the stipulation in the notes, that the policy should become null and void if the notes were not paid at maturity, was not binding because it was repugnant to the policy itself, the terms of which must control. We find no essential repugnancy between the instruments, which must be so construed, if possible, as to give force to every term of each. Authorities are cited wherein it was declared a proviso in a premium note for a forfeiture of a policy if the note was not paid at maturity, the policy containing no such term, was ineffective, and would be disregarded in an action for the insurance money. [Union Central Life Ins. Co. v. Buxer, 62 Oh. St. 385; Dwelling House Ins. Co. v. Hardy, 37 Kas. 674; Fithian v. Ins. Co., 4 Mo. App.

386; Mutual Life Ins. Co. v. French, 30 Oh. St. 240.]
In the first of those cases the provision for forfeiture
in the note was held invalid as against the beneficiary
named in the policy, who was the wife of the insured;
but it was said the insured would be bound by the stipu-
lation in the note as far as his rights were concerned.
In the Kansas case the court held the note provided for
a forfeiture "as provided in the policy," and as the pol-
icy made no provision for a forfeiture for non-payment
of the premium note, it should be held, construing the
two instruments together, there was no stipulation for a
forfeiture. In Mutual Life Ins. Co. v. French, the note
said if it was not paid at maturity, the policy should
be null and void, and the court held this proviso in the
note gave the insurance company an option to declare
a forfeiture or not, at its pleasure. In Fithian v. Ins.
Co., the note said a failure to pay interest should for-
feit the policy, whereas the policy itself provided that
after a complete annual premium had been paid, there
could be no forfeiture. This court held the manifest in-
tention of the parties to make the policy non-forfeitable
after payment of the premium, would not be defeated by
an inconsistent expression in a collateral instrument.
The opinion said the whole theory and plan of in-
surance as developed in the policy, negatived the possi-
bility of total release of the company's liability by fail-
ure of the insured to make remittances after he had
paid one or more premiums. The contract at bar, of
which the notes are an integral part, is quite different
from the contracts dealt with in those cases. The de-
ceased had no right to expect the insurance would con-
tinue on his life after he had defaulted in his obliga-
tion; that is to say, had no reason to think the com-
pany had agreed to continue the risk if he did not
comply with the promises that he had given about paying
premiums. It is to be observed that not only did the de-
ceased fail to pay his premium notes, but the part of the

first premium he paid in cash would not have sufficed to keep the policy in force to the date of his death. However, that is not a decisive fact. The policy suggests that payment of the first premium in advance and in cash and payment of all other premiums in advance was the usual course of business followed by defendant. An indulgence was granted Steadman for part of the first premium on the express condition that if he did not pay the deferred part, the policy should *ipso facto* become a nullity, as it would have been a nullity if issued without the indulgence and he had failed to pay in full the first premium.

Finally it is contended forfeiture for non-payment of the notes was waived because the company tried to collect them. But the notes stipulated the contract should stand annulled if they were not paid; further, that the full amount of the premium should be considered as having been earned by the policy remaining in force during the period previous to the default. Such being the contract, no waiver of forfeiture resulted from merely demanding payment of the notes when they fell due. [Duncan v. Ins. Co., supra; Union Cent. Ins. Co. v. Chowning, 86 Tex. 654, 28 S. W. 117; Jefferson Mut. Ins. Co. v. Murray, 86 S. W. 803; Laughlin v. Ins. Co., 28 S. W. (Tex.) 411; Blackerby v. Ins. Co., 83 Ky. 574; Shults v. Ins. Co., 42 Ia. 239; Shakey v. Ins. Co., 44 Ia. 540; Williams v. Ins. Co., 19 Mich. 451.] Those cases are not exactly like this one in their facts, but are enough like it for their principle to be applicable.

Judgment affirmed. All concur.