## NEW ENGLAND MUT. LIFE INS. CO. OF BOSTON, MASS., v. CLINCHFIELD COAL CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. October 20, 1925.)

No. 2357.

1. **Appeal and error** ⊜997(3)—**Conclusion on substantial evidence not disturbed, where case submitted on agreed statement, each party asking finding and binding instruction in its favor.**

Where case is submitted to trial court on agreed statement of facts, each party asking finding of facts and binding instruction and judgment in its favor, its conclusion will not be disturbed, unless there was no substantial evidence to warrant its finding and action.

2. **Insurance** ⊜311(2)—**Life policy, reciting payment of first premium, held good in hands of assignee, to extent of indebtedness, though premium note not paid.**

Life policy, reciting payment of first premium in advance, *held* good, but only for the amount of indebtedness advanced on account of it by assignee, in hands of one to whom it had been assigned on a form furnished by and filed with insurer, though premium note, of which assignee had no notice, provided that, if it was not paid, policy should be void.

Cross-Writs of Error to the District Court of the United States for the Southern

District of West Virginia, at Bluefield; George W. McClintic, Judge.

Action by the Clinchfield Coal Corporation against the New England Mutual Life Insurance Company of Boston, Mass. Judgment for plaintiff for less than claimed, and defendant brings error, and plaintiff brings cross-writ. Affirmed.

Harold A. Ritz, of Charleston, W. Va. (Brown, Jackson & Knight, of Charleston, W. Va., on the brief), for plaintiff in error and cross-defendant in error.

Joseph M. Sanders, of Bluefield, W. Va., and Walter H. Robertson, of Warrenton, Va. (Morison, Morison & Robertson, of Bristol, Va., and Sanders, Crockett & Fox, of Bluefield, W. Va., on the brief), for defendant in error and cross-plaintiff in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. Defendant in error instituted its action at law in the circuit court of Mercer county, W. Va., to recover under a certain policy of insurance issued by the plaintiff in error on the life of Clarence Brewer Sweet. The policy was made payable to the National Lumber Company, Inc., and was subsequently assigned to the defendant in error. The suit was regularly removed into the United States District Court, where it was docketed and tried, resulting in a verdict in favor of the defendant in error. Both parties assign error. The facts in the case are briefly as follows:

On the 27th of June, 1922, plaintiff in error issued its policy of insurance upon the life of Clarence Brewer Sweet for the sum of $10,000 payable to the National Lumber Company at his death. The annual premium amounted to $307, of which $107 was paid in cash, and the balance, $200, by two notes for $100 each, payable at 6 and 9 months after date, respectively. Each of the notes contained a stipulation that it was for part payment of the premium on the policy, the policy being pledged as security for payment of the notes, and a further provision that, if the notes, or either of them, were unpaid at maturity, the policy would without notice cease to be in force and have no value. A receipt given for the cash payment, and the two notes likewise, recited that, upon failure to pay either of the notes at maturity, the policy should thereupon, without further notice, cease to be in force and of no value. The first, or 6 months' note, was paid by Sweet at maturity on the 27th of December, 1922. On the 11th of November, 1922, prior

to the payment of this note and before default was made in payment of the second, or 9 months' note given by Sweet, the National Lumber Company, the beneficiary in the policy, assigned its interest therein to the Clinchfield Coal Corporation, for the purpose of securing to it the payment of subsisting demands of the Clinchfield Coal Company against the National Lumber Company at the time of the death of Sweet, which amounted, on the 14th of July, 1923, the date of death, to the sum of $6,281.75.

This assignment was made to the defendant in error upon the regular form of assignment furnished by the insurance company, signed by the National Lumber Company by C. B. Sweet, president, and C. B. Sweet in person, and was regularly filed in the office of the plaintiff in error in the city of Boston, on the 27th of December, 1922, and the policy was delivered to the defendant in error. At the time the assignment was made, an officer duly authorized to represent the defendant in error familiarized himself with the terms of the policy, the right to make an assignment thereof, and especially the statements therein that the first annual premium of $307 referred to in said policy had been paid by Sweet, and that the policy and the application therefor constituted the entire contract between the parties, and it was accepted; the assignee relying on the statements contained therein, believing them to be true.

Defendant in error did not know, prior to the death of Sweet, that the first annual premium was settled in the manner above indicated, viz. by the payment of a part thereof in cash, and the execution of the two notes for the balance, and no notice to this effect was given defendant in error by plaintiff in error; nor was defendant in error advised either of the existence, or date of maturity of said notes.

When the 9 months' note became due on the 27th of March, 1923, it was not paid, and has not been paid up to the present time.

Plaintiff in error insists that, in accordance with the terms of the notes and receipt given therefor, the policy was void and of no effect, and no longer in force when the insured died on the 14th of July, 1923, more than a year after the date of the policy, but within the grace period of 30 days allowed for payment of premiums after the expiration of one year.

There is little dispute as to the facts of the case. Defendant in error, plaintiff in the District Court, insists that the policy which it accepted in good faith, and which

upon its face acknowledged that the first premium had been fully paid, was valid and binding, and that, the insured having died within the grace period, the policy was a live and subsisting one, subject to the payment of the charge incident to the grace extension period, and that it had no knowledge of and was in no manner bound by conditions and limitations prescribed by the premium notes or receipt given therefor, covering the initial premium payment which the policy showed had been paid, and that likewise such attempted limitations were invalid under the laws of the state of West Virginia.

Plaintiff in error, on the other hand, insists that the policy became invalid and inoperative because of the failure to pay the note given for the last deferred payment of the premium.

The case was tried by the court by consent of parties by counsel without a jury, upon stipulation between them as to the facts. Each party asked for instructed findings and judgment by the court in their respective favors, predicated upon their several views of the facts, and the District Court found that the policy was a live one, and not void, and was valid for the amount due the assignee, the defendant in error, under the assignment, at the date of the death of the assured, and accordingly rendered its judgment for the sum of $6,781.31 in favor of the defendant in error, with interest and costs, to which action plaintiff in error excepted, as did the defendant in error for failure of the court to award judgment for the face value of the policy, $10,000. It is as to the correctness of the conclusion thus reached that we have to pass.

The assignments of error made by the respective parties briefly present their separate views as to what should have been the court's findings upon the facts, and as to what the law of the case is. Those of the plaintiff in error are, first, that the District Court erred in failing to find in its favor upon the agreed statement of facts upon which the case was submitted, second, in finding for the defendant in error the amount for which judgment was rendered in its favor upon said agreed statement of facts, and, third, in not entering judgment in favor of plaintiff in error; and those of the defendant in error because, upon the agreed statement of facts, upon which the case was submitted, the court should have found in its favor for the face value of the policy of $10,000 with interest, less two items of $100 and $307, with interest, and instead thereof in entering judgment for only $6,781.15.

[1] A sufficient answer to the assignments made by each party will be, perhaps, that, having submitted the case on the merits to the trial court on the agreed statement of facts, and each side having asked a finding of facts and binding instruction and judgment in its favor, they are bound by the conclusion reached by that court, and cannot secure relief therefrom on these cross-writs of error, unless this court is convinced that there was no substantial testimony to warrant the District Court's finding and action. Authorities to sustain this may be said to be entirely clear, and the law definitely settled, that, where both parties request a directed verdict, they thereby submit to the court the ascertainment and final determination of the facts, and its conclusion is final and binding upon both, and this court should accept and enforce the same in the proper disposition of the case. Larabee Flour Mills Corporation v. City Flour & Grain Co., 9 F.(2d) 44, decided at the present term of this court, to which case, and the citations therein contained, reference is made.

[2] The real contention urged upon the court by plaintiff in error is that no recovery should be had upon the policy of insurance sued on because the first year's premium was not fully paid, and that, in the notes given for deferred installments of the premium, there was a proviso that, if such notes were not paid, the policy should be forfeited.

This raises the question of just what is the insurance contract in this case, and the legal sufficiency of the same as between the parties thereto, or those lawfully interested therein. The holder of the policy, the assignee thereof, insists that it is in all respects a legal and binding undertaking, duly and formally entered into, and is in full force and effect; and, whatever there may be ordinarily in the questions raised by the plaintiff in error, they cannot be availed of as a defense in this case under the policy in suit, which provides:

"In consideration of the application upon which this policy is issued, which is made a part hereof, and of the payment in advance of $307 and of the payment of a like sum on or before the 27th day of June in each year thereafter during the life of Clarence Brewer Sweet of Bluefield, West Virginia, the insured, the New England Life Insurance Company promises and agrees to pay," etc. "That in case of failure to pay any premium when due or during the period of grace, this policy shall cease to be in force and shall have no value," etc. "This policy

and the application constitute the entire contract between the parties hereto."

Moreover, the statute of West Virginia (Barnes' Code 1923, c. 34, § 15) is as follows:

"Nor shall any such company permit, or agent thereof offer or make any contract of insurance or agreement as to such contract other than is plainly expressed in the issued policy thereon."

The following additional reasons are also important:

First. The policy of insurance contained no provision for forfeiture in case of failure to pay any note given for any premium, or any part thereof.

Second. That the premium for which the two notes of $100 each were given by the assured in part payment, was for the first or initial premium on the policy, and the policy recites payment of the total premium in advance.

Third. The suit in this case is by the assignee of the beneficiary named in the policy, to wit, the National Lumber Company, Inc., of which latter company the assured was president, and which assignment was made in accordance with the terms of the policy, upon a form furnished and duly filed with the insurance company at its home office, and ratified and approved by the insurance company as shown by the indorsements thereon.

Fourth. The defendant in error, in relying upon the statements contained in the policy, accepted the assignment as security for subsisting claims against the beneficiary named in the policy; and no notice whatever that the premium had not been paid in the manner set out in the policy was ever given to the assignee; nor was notice given to the assignee that notes had been given by the assured for part of the premium, and that they were not paid when due.

Considering the question of liability under the policy in suit, in the light of the above-recited provisions therefrom, and the facts as found by the court, which we must consider to be those most favorable to the prevailing party, and having regard to the fact that insurance policies should be strictly construed against the companies issuing them, we have no difficulty in sustaining what seems to us to be the correct and entirely just conclusion of the District Court under review. To reverse that court's ruling would be tantamount to holding that the payment of the annual premium is a condition precedent to the continuance of the policy; whereas, on the contrary, it is a condition only, the nonperformance of which may incur the forfeiture of a policy or not according to the circumstances. Nothing is better settled under the law, and especially under federal decisions, that forfeitures are not favored, and the courts will readily seize hold of any circumstances that indicate an intention or election to waive a forfeiture. Insurance Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689, and cases cited; Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765; Hartford Life Ins. Co. v. Unsell, 144 U. S. 439, 12 S. Ct. 671, 36 L. Ed. 496. In the last-named case, at page 450 (12 S. Ct. 674), Mr. Justice Harlan, quoting from Mr. Justice Bradley in Thompson v. Insurance Co., supra, 104 U. S. 260, 26 L. Ed. 765, said:

"Courts do not favor forfeitures, but they cannot avoid enforcing them when the party by whose default they are incurred cannot show some good and stable ground in the conduct of the other party, on which to base a reasonable excuse for the default. We think that no such ground has been shown in the present case, and that it does not come up to the line of any of the previous cases referred to, in which the excuse has been allowed. We do not accept the position that the payment of the annual premium is a condition precedent to the continuance of the policy. That is untrue. It is a condition subsequent only, the nonperformance of which may incur a forfeiture of the policy, or may not, according to the circumstances. It is always open for the insured to show a waiver of the condition, or a course of conduct on the part of the insurer which gave him just and reasonable ground to infer that a forfeiture would not be exacted. But it must be a just and reasonable ground, one on which the assured has a right to rely."

The policy in this case recites upon its face payment in advance of the initial annual payment; that it contains the entire contract between the parties thereto; that it shall cease and be of no value in case of failure to pay any premiums when due, or during the period of grace, and in addition the statute of the state prevented the company or any agent thereof from making any contract of insurance or any agreement as to such insurance other than as fairly expressed in the issued policy therefor. In these circumstances, notes taken by the company for payment of the initial premium, or any receipts given for such notes containing provisions that, if the same were not paid at maturity, the policy should cease and be of no value, cannot serve to cancel and annul the policy in suit, issued and delivered by

the insurance company in due course of business, and which defendant in error, an innocent party, accepted and gave credit upon, in full faith and reliance of the truthfulness and correctness of the statements on the face of the policy. Thompson v. Insurance Co., supra, 104 U. S. 257, 258, 259, 26 L. Ed. 765. And this is strikingly true where, as here, the note is given to cover the initial payment for the policy, and the policy recites payment of the premium in advance, and makes no provision for taking notes, and where the taking of notes is contrary to the state statute on the subject. The authorities and text-writers on the subject fully sustain these views. Joyce on Insurance, §§ 1211, 1212; May on Insurance, § 345e; Bigelow on Estoppel, pp. 470, 472; Arnold v. Insurance Co., 3 Ga. App. 685, 60 S. E. 470. The last-cited case, the facts of which are almost identical with those here, will be found to contain a most interesting and comprehensive review of the authorities generally on the subject, to which, and the authorities cited special reference is made. Also Britton v. Metropolitan Life Insurance Co., 165 N. C. 149, 80 S. E. 1072; Insurance Co. v. Norton, supra, 96 U. S. 234, 24 L. Ed. 689; Insurance Co. v. Eggleston, 96 U. S. 572, 24 L. Ed. 841; Thompson v. Insurance Co., supra, 104 U. S. 252, 257, 258, 259, 26 L. Ed. 765; Phœnix Ins. Co. v. Doster, 106 U. S. 30, 1 S. Ct. 18, 27 L. Ed. 65; Hartford Ins. Co. v. Unsell, supra, 144 U. S. 439, 12 S. Ct. 671, 36 L. Ed. 496; Mutual Reserve Co. v. Heidel, 161 F. 535, 88 C. C. A. 477; Lee Blakemore, Inc., v. Lewelling (C. C. A.) 281 F. 952.

Plaintiff in error cites and relies upon Iowa Ins. Co. v. Lewis, 187 U. S. 335, 23 S. Ct. 126, 47 L. Ed. 204, as it does also to the following: Keller v. North American Life Ins. Co., 301 Ill. 198, 133 N. E. 726; Robnett v. Cotton States Life Ins. Co., 148 Ark. 199, 230 S. W. 257; Pan-American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75; Home Life & Accident Co. v. Haskins, 156 Ark. 77, 245 S. W. 181; Fidelity Mutual Life Ins. Co. v. Bussell, 74 Ark. 25, 86 S. W. 814; New Zealand Ins. Co. v. Maaz, 13 Colo. App. 493, 59 P. 213; Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S. W. 384; French v. Columbia Life & Trust Co., 80 Or. 412, 156 P. 1042, Ann. Cas. 1918D, 484; Farmers' & Merchants' Mutual Life Ass'n v. Mason, 65 Ind. App. 66, 116 N. E. 852; State Life Ins. Co. v. Tyler, 147 Ga. 287, 93 S. E. 415; Sexton v. Greensboro Life Ins. Co., 157 N. C. 142, 72 S. E. 863; Marshall v. Missouri State Life Ins. Co., 148 Mo. App.

669, 129 S. W. 40; White v. New York Ins. Co., 200 Mass. 510, 86 N. E. 928; Union Mutual Life Ins. Co. v. Adler, 38 Ind. App. 530, 73 N. E. 835, 75 N. E. 1088; Manhattan Life Ins. Co. v. Myers, 109 Ky. 372, 59 S. W. 30; Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200; Southland Life Ins. Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989; Forbes v. Union Central Life Ins. Co., 151 Ind. 89, 51 N. E. 84; Ressler v. Fidelity Mutual Life Ins. Co., 110 Tenn. 411, 75 S. W. 735; Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585; Norris v. New England Mut. Life Ins. Co., 198 Ala. 41, 73 So. 377; Hipp v. Fidelity Mutual Life Ins. Co., 128 Ga. 491, 57 S. E. 892, 12 L. R. A. (N. S.) 319; Seeley v. Union Central Life Ins. Co., 10 Pa. Super. Ct. 270; National Life Ins. Co. v. Reppond (Tex. Civ. App.) 81 S. W. 1012—to which we have given careful consideration. It may be said of these cases, and that of Iowa Ins. Co. v. Lewis, supra, that while bearing generally upon the subject under consideration, they one and all, by reason of the peculiar provisions in the individual policies, the absence of a statute, and under their special circumstances are readily distinguishable from the case in hand, and hence should not control our action herein.

Coming to the cross-writ of error, the facts as bearing upon the same are plainly distinguishable from those entitling defendant in error to relief for the amount of the indebtedness covered by the policy. The consideration sustaining the view in support of the judgment in that behalf clearly shows why, for any amount other than the indebtedness which had been advanced on account of the policy, the assured or persons claiming under him would not be entitled to recover. As to those persons, knowledge of the fact that the insurance premium had not been paid would be presumed; whereas, the very reverse is true in dealing with innocent third parties. Insurance Co. v. Eggleston, supra, 96 U. S. 572, 24 L. Ed. 841; Thompson v. Insurance Co., supra, 104 U. S. 252, 258, 26 L. Ed. 765.

The judgment of the District Court will be affirmed on the writ of error and cross-writ of error, with costs to the Clinchfield Coal Company on the main writ of error, and to the New England Life Insurance Company on the cross-writ of error.

Affirmed.

ROSE, Circuit Judge (concurring in the result). I am at one with Judge WADDILL as to the judgment we should enter in this

case, but I am not sure that I agree with all the reasons he assigns for the conclusion to which he comes. Under the circumstances, it seems expedient to state briefly my own views.

The insurance company, as against the insured and the original beneficiary, is clearly entitled to show that the premium was not paid. Whatever difference of opinion there may be on that question among the state courts, the law for us is settled by Iowa Insurance Co. v. Lewis, 187 U. S. 335, 23 S. Ct. 126, 47 L. Ed. 204. I am not persuaded that the West Virginia statute has anything to do with this controversy. It or something substantially identical with it has been in force in a number of states for many years, and our attention has not been called to any case in which it has been held to preclude the insurance company giving credit, in whole or in part, for any of the premiums, initial or otherwise, and subsequently forfeiting the policy for their nonpayment. The primary purpose of the enactment was to prevent rebating of premiums and discrimination among policy holders. It has expressly been held to be inapplicable where notes with forfeiture provisions have been taken for premiums subsequent to the first. Fidelity Mutual Insurance Co. v. Price, 117 Ky. 25, 77 S. W. 384; French v. Columbia Life & Trust Co., 80 Or. 412, 156 P. 1042, Ann. Cas. 1918D, 484; Keller v. North American Insurance Co., 301 Ill. 198, 133 N. E. 726. It therefore follows the judgment below is not open to the attack made upon it by the cross-writ of error.

A policy of insurance is not a negotiable instrument, and ordinarily the insurance company may, as against the beneficiary or assignee of a policy, avail itself of any equities it has against the insured. The company is not bound to give notice to a beneficiary or assignee when a premium or note for a premium falls due or of the consequences of nonpayment thereof, unless some statute so provides.

None of these principles of law, well settled as they seem to me to be, control the disposition of the writ of error itself. The insurance company did in writing recite that it had received its first premium in full. As the agreed statement of facts shows, the assignee, in reliance upon this statement, accepted the assignment of the policy. If it had known or had any reason to suspect that any part of the premium was unpaid, it might have done one of two things. It could have refused the assignment altogether, or it might have itself paid the premium

note when it fell due. It did neither, because the insurance company had said the premium was paid, and there was nothing anywhere in the policy to suggest that this statement was not absolutely true.

The special circumstances of this case somewhat resemble those of Lee Blakemore, Inc., v. Lewelling (C. C. A.) 281 F. 952, and, as in that case, I think the insurance company is liable to the assignee.

Judge WOODS, who sat in the case, and concurred that the judgment below should be affirmed, died before he had a chance to consider what is above said by either of his colleagues.