# Kerns, Administratrix, *versus* The New Jersey Mutual Life Insurance Company.

1. A mutual life insurance company is not liable upon a policy issued to the assured on the receipt of his promissory note for the first premium, which note was not paid at maturity.

2. The note was a written admission that the recital of payment in the policy was not to have the effect an actual payment would and was an agreement that the policy should be void and surrendered in case the note was not paid.

January 28th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1877, No. 138.

Debt by Sarah C. Kerns against the New Jersey Mutual Life Ins. Co. on a policy of life insurance for $5000 on the life of her deceased husband, Edward L. D. Kerns.

The plaintiff filed a copy of the policy on which suit was brought, with an averment of the death of Kerns, and that due proof thereof had been made. The policy was dated December 4th 1874, and Kerns died October 14th 1875. Defendants, under the belief that the policy of insurance was not such an instrument as would support a judgment by default under the affidavit of defence law, filed no affidavit, and judgment was entered against them. This fact having beeen represented to the court in an affidavit filed, a rule to open the judgment was granted. One Kramer then filed an affidavit, which in substance averred " that he was the soliciting agent of the company, and received the application of Kerns ; that the latter not being able to pay the whole of the first premium of $110.35, deponent took his note for the balance, upon the express agreement that if said note was not paid at maturity the policy should be void; that the note was as follows :—

" '$82.76. Newark, N. J., April 12th, 1875. Value received, ninety days after date I promise to pay to the New Jersey Mutual Life Insurance Company, or order, at Second National Bank of Allentown, Pennsylvania, eighty-two $\frac{76}{100}$ dollars, being for insur-

[Kerns *v.* New Jersey Mutual Life Ins. Co.]

ance premium of Policy No. 19,994, issued to me by said company, it being understood and agreed that if this note shall not be paid at maturity, said Policy No. 19,994 shall be cancelled and become null and void, and be surrendered to said company, and the pro rata premium for the risk thereon incurred paid to them on demand.   (Signed)          EDWARD L. KERNS.'

" That said note was then delivered to the defendants, who accepted the same, and was not paid at maturity."   By agreement of counsel the foregoing affidavits were to have the effect of affidavits of defence, and the case was to be proceeded with as if the plaintiff had entered a rule for judgment, because of their insufficiency, whereupon the court entered judgment for the defendants, and plaintiff took this writ, assigning this action for error.

*S. C. Perkins*, for plaintiff in error.—No request that actual payment of the first premium is essential to the validity of the policy is inserted in any form therein.

The receipt of the premium is essential to the existence of the contract, and the rule of law is that a party is estopped from denying the receipt of premium when it is thus acknowledged in the policy, if the purpose is thereby to defeat the policy: Madison Ins. Co. *v.* Fellowes, 1 Disney (O.) 217; 3 Kent's Com. 260; Goit *v.* National Protection Ins. Co., 25 Barb. 189; Provident Life Ins. Co. *v.* Fennell, 49 Ill. 180; Dalzell *v.* Mair, 1 Campb. 532; 1 Phillips Ins., § 514; Boehen *v.* Williamsburgh Ins. Co., 35 N. Y. 131; Anderson *v.* Thornton, 20 Eng. Law & Eq. 339.   " The old law, and which is as old as the time of Lord Mansfield, is that the defendant is estopped by signing the policy from saying he has not received the premium:" McAllister *v.* New England Mutual Life Ins. Co., 101 Mass. 558; Basch *v.* Humboldt Mut. F. & M. Ins. Co., 6 Vroom 429.

The fact of the non-payment of the note set forth in the affidavits, does not prove non-payment of the premiums or forfeiture of the policy by reason of the non-payment of the note. See Mut. Ben. Life Ins. Co. *v.* French, 2 Cin. S. C. Rep. 321.

The facts set up in the agent's affidavit show in any event a waiver of any requirement of pre-payment of the premiums as a condition precedent to the validity of the policy, and this waiver was assented to by the company.   Where a credit is intended the policy is valid, although the premium is never paid: Miller *v.* Life Ins. Co., 12 Wall. 285; Lycoming County Mut. Ins. Co. *v.* Schollenberger, 8 Wright 263.

No printed nor oral argument contra.

The judgment of the Supreme Court was entered, February 11th 1878,

[Kerns *v.* New Jersey Mutual Life Ins. Co.]

PER CURIAM.—The note signed by the assured for the abated premium, when the policy was delivered, is a written admission that the recital of payment in the policy was not true, and therefore could not give effect to the policy, as an actual payment would. It is not only such a written declaration of non-payment, but it is a contract of even date, qualifying the terms of the policy, and an agreement that the policy shall be without effect and surrendered, in case the note for the premium be not paid. It therefore superseded the policy to the extent of the agreement. It would be a harsh measure of justice to hold the company to the terms of the policy, upon a concession made to the assured for his benefit, and evidenced by his own writing of even date with the delivery, and intended by him to govern his rights. Clearly the company caannot be held to the letter of a policy not paid for, and so altered for the benefit of the assured.

Judgment affirmed.