SAVANNAH SEXTON, ADMINISTRATRIX OF U. E. SEXTON, v. THE
GREENSBORO LIFE INSURANCE COMPANY.

(Filed 22 November, 1911.)

1. Insurance — Premiums — Notes — Extension — Parol Evidence—
Payment.

When upon its face in express terms a note given by an insurer
for a premium due on his life insurance policy declares that the
policy is void if the note be not paid when due, the position is
not available that the note was given for the payment of the
premium and not for an extension of time within which to pay it.

2. Insurance — Premiums — Receipts — Possession—Payment—Evi-
dence.

When a note is given for a premium due on a life insurance
policy and attached to it is a paper-writing purporting to be a
receipt for the premium, the paper-writing attached to the note is
not evidence that the note was given and received as a payment
of the premium, when it is undelivered and in the possession of
the insurance company, and produced at the trial upon legal no-
tice to do so.

APPEAL from *Lyon, J.,* at April Term, 1911, of DAVIDSON.

Civil action to recover on a policy of life insurance issued
by the defendant on the life of U. E. Sexton. The policy is for
$1,000, numbered 742, with an accident clause requiring the
insurer to pay double the amount in the event of death by ex-
ternal, violent, and accidental means. The insured was killed
in a railway wreck 15 December, 1909.

These issues were submitted to the jury, to which defendant
excepted and tendered other issues:

1. Did the defendant issue and deliver to the plaintiff's in-
testate the policy No. 742 sued on? Answer: Yes.

2. Is U. E. Sexton dead, as alleged in the complaint?
Answer: Yes.

3. Did the plaintiff's intestate pay or cause to be paid the
annual premiums required and within the time stipulated by
the policy? Answer: Yes.

4. Did said policy lapse, as alleged in the answer? Answer:
No.

5. What sum, if any, is the plaintiff entitled to recover of the defendant? Answer: $2,000, less $60, with interest from date of note.

The following issues were tendered by the defendant:

1. Did the defendant issue and deliver to the plaintiff the policy No. 742 sued on?

2. Did the plaintiff's intestate die on the 15th day of December, 1909, as alleged in the complaint?

3. Did the defendant accept in settlement of the premium of $34.57 due 1 August, 1909, a cash payment and the intestate's note for $18.17, dated August, 1909, and due 1 November, 1909?

4. If such note was given, was it paid at maturity?

5. What sum, if anything, is the plaintiff entitled to recover?

The court rendered judgment for plaintiff, and defendant appealed.

*E. E. Raper and McCrary & McCrary for plaintiff.*
*Walser & Walser and King & Kimball for defendant.*

BROWN, J. In respect to the issues, we are of opinion that under those submitted by the court every defense can be presented, but as the case is to be tried again it is well to say that those tendered by the defendant present rather more directly to the minds of the jury the real fact in controversy.

The controversy is over the payment of the premium due 1 August, 1909, of $34.57. If that was paid, the plaintiff is entitled to recover. If it was not paid or payment waived, plaintiff is not entitled to recover.

The evidence shows that on 2 September, 1909, the insured paid in cash on this premium $16.40 and gave his note for $18.70, of which the following is a copy, dated the day the premium became due:

$18.17                                      August 1, 1909.

Ninety days after date, for value received, I promise to pay to the order of Greensboro Life Insurance Company eighteen and 17/100 dollars, without discount or defalcation, with interest at 6 per cent per annum, at................, being the premium due 1 August, 1909, on policy No. 742 in said company. Should this note, with interest, not be paid when due,

said policy shall immediately become null and void without notice, subject to the nonforfeiture provisions contained in the policy, and in that event any money paid on account of premium for which this note is given shall become the property of the company.                                   U. E. SEXTON.
                                              Signature of Person Insured.

    Denton, N. C.

His Honor charged the jury as copied from the record: "Now, as I told you, by consent you will answer the first and second issues 'Yes.' Now, as to the third issue, 'Did the defendant accept in settlement of the premium of $34.57 due 1 August, 1909, a cash payment and the intestate's note for $18.17, dated August, 1909, and due 1 November, 1909?' The only premium that is in controversy is the premium that was payable on 1 August, 1909. Now, you find the facts from the evidence, and if you find from the evidence that the intestate, U. E. Sexton, paid the premium by giving his note and cash accompanying the note, and that the company accepted that as a payment on the premium, not conditionally, but accepted it as a payment of the annual premium, then it would be your duty to answer that issue 'Yes'; but if you find from the evidence that the note and part of the premium due 1 August, 1909, was not accepted and treated by the company as a payment, and you find that that note was never paid at all after the death of the intestate, or before his death, why you should answer that issue 'No.' "

There are two objections to that charge, both of which must be sustained. There was no such issue submitted to the jury as the one recited in the charge as the third issue. That is the third issue tendered by the defendant, and which was refused. There must be some mistake in printing this record, or in copying the charge of his Honor, for the record does not disclose that the third issue tendered by defendant was ever substituted for the other. But the chief and most important exception is that there is no evidence that the defendant accepted the note as a payment of the premium. It is merely an extension of the time of payment. In express terms the note on its face declares that the policy is void if the note is not paid when due.

This note is similar to the one construed in *Ferebee v. Insurance Co.,* 68 N. C., 11.

Cooley says: "It is commonly stipulated by insurance companies that if a note is accepted for a premium, a failure to pay the note at maturity shall terminate the insurance. When the policy, or the policy and the note, contained a stipulation to this effect, a failure to pay at maturity a note given for a premium will work a forfeiture of insurance." Cooley's Briefs on Insurance, vol. 3, p. 2269, and cases cited; *Pitt v. Insurance Co.*, 100 Mass., 500.

The plaintiff was permitted to introduce this receipt in evidence as Exhibit "C":

GREENSBORO LIFE INSURANCE COMPANY,
GREENSBORO, N. C., 13 September, 1909.

Received from the holder of policy No. 742, issued by this company on the life of Ulysses E. Sexton, $34.57, being the annual premium due 1 August, 1909.

Premiums are payable at the home office, but may be paid to an authorized agent in exchange for an official receipt countersigned by that agent. Otherwise no receipt will be binding.

Countersigned by C. SCARBOROUGH.          JULIAN PRICE,
Secretary.

On the reverse side of the said Exhibit "C" is the indorsement:

Pay to the order of Shuford National Bank, Newton, N. C.
(Signed) GREENSBORO LIFE INSURANCE COMPANY,
W. E. ALLEN, *President.*

The defendant in apt time objected to the introduction of paper-writing called Exhibit "C," purporting to be receipt for premium on said policy, for that the said receipt was never delivered to the plaintiff's intestate, but was produced by the defendant at the trial in open court in response to notice, having been retained by the defendant and attached to the intestate's note for above premium.

Objection overruled; exception by defendant. The exception must be sustained. This receipt was pinned to the afore-

said note, evidently ready for delivery whenever the note should be' paid. It was in 'defendant's possession and produced in court by it by order of the judge, and was introduced by plaintiff as evidence of payment of the premium.

Had the receipt been in the plaintiff's possession it would be very strong evidence of payment; but as it was in defendant's possession and had never been delivered, it is no evidence of payment and the introduction of it as evidence by the plaintiff under the circumstances was inadmissible.

New trial.