(80 South. 75)

PAN AMERICAN LIFE INS. CO. v. CARTER. (2 Div. 665.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. APPEAL AND ERROR ⚫═══655(2)—BILL OF EXCEPTIONS—TIME OF FILING—CORRECTIONS.

Where judgment was rendered October 4, 1917, a bill of exceptions presented on December 17, 1917, but not signed until February 9, 1918, where, on later date, some corrections were made, but no new ground of alleged error, or no new exception was incorporated, will not be stricken.

2. APPEAL AND ERROR ⚫═══713(3)—BILL OF EXCEPTIONS—AFFIRMATIVE CHARGE.

An affirmative charge will be considered on appeal, though it appears in the bill of exceptions only.

3. INSURANCE ⚫═══349(3) — CONSTRUCTION OF CONTRACT—DEFAULT IN PAYMENT OF NOTE.

Where premium on policy providing for one month's grace was not paid when due, but shortly thereafter insured gave insurer note for amount thereof, payable about two months thereafter, and was given receipt stating that, upon default in payment of note when due, the receipt should become void and the insurance immediately terminate, insured was not entitled to grace upon failure to pay note at maturity.

4. INSURANCE ⚫═══349(3)—PAYMENT OF PREMIUM BY NOTE—VALIDITY OF CONTRACT.

Agreement by insured, on policy providing for grace upon failure to pay premium when due, that a receipt given him by insurer upon payment of premium by note should become void and the insurance terminate upon failure to pay note at maturity, was valid.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Action by Ellis S. Carter against the Pan American Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Tillman, Bradley & Morrow and Jno. S. Stone, all of Birmingham, for appellant. William Cunninghame, of Linden, for appellee.

SAYRE, J. [1] The judgment in this case purports to have been entered on October 4, 1917. From the indorsement of the trial judge thereon, it appears that the bill of exceptions was presented on December 17, 1917. Appellee's brief in support of the motion to strike the bill of exceptions contains a statement to the effect that the bill was signed by the presiding judge on the day of its presentation, and that afterwards, on February 9, 1918, corrections were made by the judge. The original bill of exceptions, which has been certified up and submitted in evidence upon this motion, does not bear out the statement of the brief. It shows presentation on December 17th as stated above, and that the presiding judge did on February 9, 1918, after making corrections on that day, approve and sign the bill. While the bill was corrected in some particulars, no new ground of alleged error, no new exception, was incorporated therein, so that the motion to strike falls squarely within the rule laid down in Tapia v. Williams, 172 Ala. 18, 54 South. 613. The motion must be overruled.

[2] The bill of exceptions purports to contain all the evidence offered or heard upon the trial of the cause. This report of the evidence shows that defendant's pleas and rejoinder, upon which the case went to the jury, were proved without conflict. In this state of the case, defendant was entitled to the general affirmative charge which was duly requested. This charge appears in the bill of exceptions only, but it must be considered nevertheless. Mobile Light & Railroad Co. v. Thomas, 201 Ala. 493, 78 South. 399.

Numerous assignments of error, based upon rulings on the pleadings, are argued in the briefs. There is no necessity for a review of each ruling. It will suffice to state our opinion on the question, which, on the present record, must control the result of the case.

[3, 4] The suit is upon a policy of life insurance. The policy, dated July 8, 1915, contains the following stipulation:

"This insurance is granted in consideration of the sum of sixty-nine and $98/100$ dollars, paid in advance, for one year's term insurance, and may be continued in force thereafter in further consideration of the payment of a like amount on or before the 8th day of July, in every year, during the continuance of this contract, until the death of the insured; and in further consideration of all the conditions, benefits and privileges, stated on the second and third pages hereof."

One provision of the policy, to which, among others of no consequence in this connection, we infer the stipulation last quoted has reference, is that—

"A grace of one month (not less than thirty days) during which this contract shall remain in full force, will be allowed in the payment of all premiums except the first."

The premium due July 8, 1916, was not paid; but on August 4th, next thereafter, insured executed his promissory note for the amount of it, due and payable October 10, 1916, with interest at the rate of 5 per cent. per annum. This note was not paid at maturity, and upon October 11, 1916, insured died. Defendant's receipt, under a heading which showed that it was the premium due July 8, 1916, on the policy held by insured, was expressed as follows:

"Received as stated under the 'Detail of Settlement' on this receipt, the premium above described, subject to the terms, conditions and provisions of the policy named and the conditions printed on the back of this receipt."

On the back of said receipt the following:

"If a check or draft is given in payment of the premium, this receipt shall be void and of

no effect if said check or draft is not paid upon presentation. Notes will not be accepted in payment of premiums unless written upon the company's form and if any note given in payment or part payment of the premium is not paid when due this receipt shall thereupon become null and void and the insurance shall immediately terminate (except as to any contractural right to surrender value) without any further action on the part of the company, in accordance with the terms and conditions of the policy."

This receipt was given to insured and remained in his possession until his death. If the trial court, in giving the general charge for plaintiff and in refusing the general charge requested by defendant, was actuated by the opinion that insured had a grace of 30 days after default in the payment of the note under that provision of the policy which allowed such grace "in the payment of all premiums except the first," our judgment is that the court was in error on that point as well as for the reason, already stated, that the pleas and rejoinder under which appellant was permitted to defend, however illy or well they may have raised the question, were proved without contradiction in the evidence or inference to be drawn therefrom. Under the evidence in this case, the stipulation indorsed upon the receipt expressed the conditions upon which the note was received, and was binding upon the insured. Iowa Life Insurance Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204. The effect of the default in paying the note on its due date was to forfeit the policy, because the policy holder, by plain words, agreed that it should have that effect. The validity of the contract in reference to the note and its payment cannot be successfully assailed. "It did not undertake to destroy any existing right of the beneficiary under the policy. The extension of time was a favor, not a right, and the allowance of additional time for payment of a premium beyond its maturity did not operate to confer still further rights in spite of the terms of the extension." Bank of Commerce v. Insurance Co., 125 Ga. 552, 54 S. E. 643. Such is the effect of the authorities generally. Pitt v. Berkshire Life Ins. Co., 100 Mass. 500; Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437, 11 N. E. 507; Hudson v. Knickerbocker Life Ins. Co., 28 N. J. Eq. 167; Kerns v. New Jersey Mut. Life Ins. Co., 86 Pa. 171; Ressler v. Fidelity Mut Life Ins. Co., 110 Tenn. 411, 75 S. W. 735; National Life Ins. Co. v. Manning, 38 Tex. Civ. App. 498, 86 S. W. 618; Sexton v. Greensboro Life Ins. Co., 157 N. C. 142, 72 S. E. 863. And, besides, it is a necessary rule, for "all the calculations of the insurance company are based on the hypothesis of prompt payments. * * * There must be power to cut off unprofitable members, or the success of the whole scheme is endangered." New York Life Ins. Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789.

The judgment is reversed; the cause remanded.

Reversed and remanded.

MAYFIELD, GARDNER, and THOMAS, JJ., concur.