(85 South. 298)

## MANHATTAN LIFE INS. CO. v. PARKER.
### (6 Div. 952.)

(Supreme Court of Alabama. Jan. 15, 1920.
On Rehearing, June 3, 1920.)

1. **Insurance 349(3)—Provision in receipt or note for premium as to forfeiture of policy without effect.**

A provision in a note executed by an insured, or in a receipt for such a note, given for a premium, that the note, receipt, and contract of insurance shall be absolutely void if the note is not paid at maturity, is vain and of no effect to terminate the insurance, where the policy itself does not contain a like ground or forfeiture, especially in view of Code 1907, § 4579.

2. **Insurance 146(3)—Forfeitures for nonpayment of premiums not favored.**

Forfeitures of existing policy contracts for failure to pay premiums are not favored in law.

3. **Insurance 146(3)—Equivocal provisions construed in favor of insured.**

Provisions in contracts of insurance are construed, where at all equivocal, in favor of the insured.

4. **Insurance 371 — Forfeiture may be waived.**

A forfeiture predicable of a breach of the conditions of a policy of insurance may be waived, and a waiver, once effected, cannot be recalled.

5. **Insurance 371—Courts seize upon circumstances indicating election to waive forfeiture.**

Courts are always prompt to seize any circumstances that indicate an election to waive the forfeiture of a contract of insurance, or any agreement to do so, on which the party has relied and acted.

6. **Insurance 349(3)—Provision in policy did not provide for forfeiture on nonpayment of premium note.**

A provision in a policy, "Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable," held not to stipulate for a forfeiture on failure to pay notes given for premiums, but to refer only to right of insured to change from an annual to a less term of payment.

7. **Insurance 392(10)—Acceptance of note waiver of right to forfeit policy.**

Acceptance by insurance company of a note in payment of a premium was a waiver of any right to forfeit the policy by reason of the failure of the insured to pay the premium when due.

Sayre, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by Lillie W. Parker against the Manhattan Life Insurance Company on a policy of insurance. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Premium notes accepted by appellant were made out on the following form:

(This note is to be signed by the person whose life is insured, and also by the persons to whom the policy is payable.)

$———. New York, ———.

——— months after date, for value received, I promise to pay to the Manhattan Life Insurance Company or order at its office, No. 66, Broadway, New York, ——— dollars with interest, at 6% per annum. This note is given on account of the premium due ———, 19—, on policy No. ——— issued by said company, and if it is not paid at maturity, said policy shall be void. In case of the death of the insured before this note falls due, the above amount, with interest shall be deducted from the amount of said policy. ———.

Due ———. Index ———. Agency ———.
Separate note must be given on each policy.

Receipts referable to the arrangement thus made were issued to the insured in this form:

The Manhattan Life Insurance Company, 64, 66, 68 and 70 Broadway, New York.

Statement.

| | | |
|---|---|---|
| Premium ..$192.20 | | Received as per marginal statement the premium and interest on the policy described below. |
| Interest ... | | |
| Total ...... | | |
| Dividend .. | 6.40 | This to be valid must be countersigned by Hogue & Friedman, |
| Balance ...$185.80 | | First National Bank Bldg. Birmingham, Ala., the agent or such person as he authorized by indorsement on the back hereof. Policy number 171210. Payment due Apr. 19, 1914.
M. De Mott, Secretary. |

| | | |
|---|---|---|
| Received | | The above-described policy insured the life of Mr. J. L. Parker, First Ave. & 20th St., Birmingham, Ala. |
| by cash..$ 25.80 | | |
| Dividend .. | 6.40 | |
| Note due | | |
| June 19, | | June 5, 1914. |
| 1914 ...... | 32.00 | Settled. Hogue & Friedman, |
| Aug. 19... | 32.00 | General Agents. M. D. Friedman, Agent. |
| Oct. 19... | 32.00 | |
| Dec. 19... | 32.00 | |
| Feb 19... | 32.00 | |
| Total ......$192.20 | | |

L R P 2.

The Manhattan Life Insurance Company 64, 66, 68 and 70 Broadway, New York.

Statement.

| | | |
|---|---|---|
| Premium ..$192.20 | | Received as per marginal statement the premium and interest on the policy described below. |
| Interest ... | | |
| Total ...... | | |
| Dividend .. | 6.40 | This receipt to be valid must be countersigned by Hogue & Friedman, |
| Balance ...$185.80 | | First Nat. Bank Bldg. Birmingham, Ala., the agent or such person as he authorizes by indorsement on the back hereof.
M. De Mott, Secretary, |

| Received | Policy Number 171211. Payment |
|---|---|
| by cash..$ 25.80 | due Apr. 19, 1914. |
| Dividend .. 6.40 | The above-described policy in- |
| Note due | sures the life of Mr. J. L. Par- |
| June 19.. 32.00 | ker, First Ave. & 20th St., Bir- |
| Aug. 19... 32.00 | mingham, Ala. |
| Oct. 19... 32.00 | June 5, 1914. |
| Dec. 19... 32.00 | Settled. Hogue & Friedman, |
| Feb. 19... 32.00 | General Agents. M. D. Fried- |
| | man, Agent. |
| Total ......$192.20 | |

L R P 2.

The agreed statement of facts recites:

"When the notes due June 19, 1914, came due, they were sent by the Manhattan Life Insurance Company to Hogue & Friedman for collection, which the said Hogue & Friedman, acting as the agents for the Manhattan Life Insurance Company for that purpose, undertook to collect, and wrote a letter to John L. Parker, dated June 26th, a copy of which is hereto attached marked Exhibit H. Said notes not being paid upon demand, they were returned by Hogue & Friedman to the Manhattan Life Insurance Company, to its home office in New York, with the statement that if they should be returned to them they would make another effort to collect them along with the two notes due August 19, 1914; and the Manhattan Life Insurance Company did return said two notes due June 19, 1914, to its said agents in Birmingham along with the two notes due August 19, 1914, and the said Hogue & Friedman wrote a letter to John L. Parker dated July 28, 1914, a copy of which is hereto attached and marked 'Exhibit I' and made a part hereof.

"The notes due June 19 and August 19, 1914, not being paid, they were returned to the home office of the Manhattan Life Insurance Company in New York by Hogue & Friedman, its said agents in Birmingham, and the Manhattan Life Insurance Company thereupon canceled on its records the two policies hereto attached, marked Exhibits A and B, and made no further efforts to collect the notes heretofore referred to, nor any of the notes due subsequently thereto given in settlement of the second premium on said policies.

"On August 26, 1914, the Manhattan Life Insurance Company wrote a letter to Parker, the insured, in which it offered, on the part of the company, to show him how his policies, Exhibits A and B, might be reinstated. No reply was had to that letter. On September 16, 1914, the Manhattan Life Insurance Company wrote another letter, addressed to John L. Parker, Birmingham, Ala., in which it was stated that the policies had been lapsed on account of the failure to pay the premium, and a further offer on the part of the company of further indulgence, should Parker desire it. No reply was had to that letter, and on September 25th a letter was written, addressed to John L. Parker, Birmingham, Ala., in which the company stated that if he (Parker) did not reply to this letter it would go to no further trouble and expense in writing him and offering, should he act at once, to help in the matter, copies of which letters are hereto attached, marked Exhibits J, K, and L, respectively, each of said letters being addressed and mailed, postage prepaid, to John L. Parker, Birmingham, Ala.

"Neither of said notes, due June 19, and August 19, 1914, or any of the subsequent notes given for the payment of the second premium on said policies were ever paid by Parker, or any for him.

"On, to wit, November 3, 1914, John L. Parker shot and killed himself.

"After the death a diligent search among the papers of said John L. Parker for all letters and communications concerning life insurance policies taken out by him during his lifetime was made, and in none of his papers nor of his effects was notice to him of cancellation of either of said policies issued by defendant found, nor were the originals of Exhibits J, K, or L found."

The substance of the letters mentioned in the just preceding quotation from the agreed statement of facts were in words and figures as follows:

"Policies No. 171210–11      June 26th —— 4.

"Dr. John L. Parker, 20th St. & First Ave., City—Dear Sir: The premium, notes and interest amounting to $64.64 is past due June 19, 1914, and your prompt attention to this matter will be appreciated.

"Yours truly, Hogue & Friedman, by."

"Birmingham, Ala., July 28, 1914.

"Dr. John L. Parker, 20th St. & 1st Ave., City—Dear Sir: Kindly advise us by return mail if you desire to continue your policies in this company No. 171210 and No. 171211, if, so, kindly send us a check at once for $130.00 covering premium notes due in June and July with interest to date.

"Thanking you for past courtesies, and awaiting your favor in the premises by return mail, we are,

"Yours very truly, Hogue & Friedman,
                   "By M. D. Friedman."

"New York, N. Y., Aug. 26/14.

"Mr. John L. Parker, 20th St. & 1st Ave., Birmingham, Ala.—Dear Sir: Re Policy No. 171210/11. In the account which we have just received from our agency for your locality, we are sorry to find that the premium notes on the above mentioned policy is reported as unpaid.

"The Manhattan Life is very desirous of retaining you as a friend and patron of the company, and we will esteem it a favor if you will let us know whether the omission to make this payment was an oversight on your part or was for some other reason. We will be pleased to furnish you with a statement showing how the policy can be reinstated, and wish to urge upon you the importance of giving the matter immediate attention.

"If it should be inconvenient for you to make the entire payment in cash, kindly let us know what accommodation you desire, and if we can possibly meet your wishes, we will be very glad to do so. Anything you may write us will be regarded as strictly confidential.

"Permit us to call your attention to the fact that you are older now than when the policy was taken out, and, all things considered, it will be greatly to your advantage to continue it rather than to take a new policy, and pay

the higher premium that would be required because of your increased age.

"Yours very truly, J. R. Auld, "Manager Reinstatement Department.

"P. S.—Within the last few days you may have communicated with our agency regarding the matter, and forwarded the necessary payment. If so, will you kindly inform us, so that we may remove this case from our correspondence files."

"New York, N. Y., Sept. 16/14.

"Mr. John L. Parker, 20th St. & 1st Ave., Birmingham, Ala.—Dear Sir: Re Policy No. 171210/11. A short time since we wrote you about the above mentioned policy, which as you are no doubt aware, lapsed on account of your failure to pay the premium. Up to the present time we have received no reply from you. It may be that our letter did not reach you, or you have overlooked the matter. In any case, we hope you will give this letter your serious consideration, as you have paid a considerable sum in the way of premiums upon the policy, and it is certainly to your interests to prevent the benefit of the insurance from being entirely lost.

"If it should be inconvenient for you to settle for the past-due premium and interest in cash, kindly let us know what accommodation you desire, and if we can possibly meet your wishes, we will be very glad to do so.

"Upon hearing from you, we will give the matter immediate attention, and forward you the necessary reinstatement blank to be filled out with full statement as to the amount due on notes.

"Yours very truly, J. R. Auld, "Manager Reinstatement Department."

"New York, N. Y., Sept. 25/14.

"Mr. John L. Parker, 20th St. & 1st Ave., Birmingham, Ala.—Dear Sir: Re Policy No. 171210–11. We have written you several times in reference to the above mentioned policy, which as you know lapsed for the nonpayment of premium notes.

"We believe that you are making a great mistake in not looking after your insurance, and we have done our best to call your attention to the matter, and if you do not reply to this letter, we shall go to no more trouble or expense in writing you.

"If you will write us at once, we will do our best to help you in the matter, and if it is impossible for you to pay the full amount of arrears on the policy, we can probably suggest a way out of the difficulty.

"Yours very truly, J. R. Auld, "Manager Reinstatement Department."

Ball & Beckwith and Rushton, Williams & Crenshaw, all of Montgomery, for appellant.

Counsel cite generally 202 Ala. 237, 80 South. 75; 198 Ala. 41, 73 South. 377; 96 Ala. 568, 11 South. 671; 171 Ala. 429, 55 South. 200; 143 Ala. 489, 38 South. 1011; 150 Ala. 543, 43 South. 833, 124 Am. St. Rep. 83; 52 Ala. 528. They insist as follows:

1. A note specifying it is given for a premium on an insurance policy, and that the policy is to be void unless the note is paid at its maturity, is valid and binding, and operates merely as a postponement of the time for payment of the premium. The insured cannot avail himself of the parts of the instrument favorable to him and reject the rest, but must stand or fall by the agreement as a whole. State Life Ins. Co. v. Tyler, 147 Ga. 287, 93 S. E. 415; French v. Columbia Life & Trust Co., 80 Or. 412, 423, 428, 429, 441, 445, 156 Pac. 1042, Ann. Cas. 1918D, 484; Fidelity Mutual Life Insurance Co. v. Price, 117 Ky. 25, 77 S. W. 384; Occidental Life Insurance Co. v. Jacobson, 15 Ariz. 242, 137 Pac. 869, 870; Security Life & Annuity Co. v. Underwood (Tex. Civ. App.) 150 S. W. 293; Ressler v. Fidelity Mutual Life Insurance Co., 110 Tenn. 411, 75 S. W. 735; Sharpe v. N. Y. Life Insurance Co., 5 Neb. (Unof.) 278, 98 N. W. 66; Banholzer v. N. Y. Life Insurance Co., 74 Minn. 387, 77 N. W. 295, 78 N. W. 244; Sexton v. Greensboro Life Insurance Co., 157 N. C. 142, 72 S. E. 863; Underwood v. Standard Life Insurance Co., 177 N. C. 327, 98 S. E. 832; Iowa Life Insurance Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204; Union Mut. Life Insurance Co. v. Adler, 38 Ind. App. 530, 73 N. E. 835, 75 N. E. 1088; Laughlin v. Fidelity Mutual Ass'n, 8 Tex. Civ. App. 448, 28 S. W. 411; Hudson v. Knickerbocker L. Ins. Co., 28 N. J. Eq. 167; Baker v. Union Mut. L. Ins. Co., 43 N. Y. 283; Hipp v. Fidelity Mutual Life Insurance Co., 128 Ga. 491, 57 S. E. 892, 12 L. R. A. (N. S.) 319; Pan-American Life Insurance Co. v. Carter, 202 Ala. 237, 80 South. 75.

2. Section 4579 of the Code, as "extended or enlarged" by Acts 1909, page 111, does not prohibit the giving or acceptance of a premium note or agreement containing provision for forfeiture of the policy if the note is not paid. French v. Columbia Life & Trust Co., 80 Or. 412, 419, 424, 156 Pac. 1042, Ann. Cas. 1918D, 484; Fidelity Mutual Life Insurance Co. v. Price, 117 Ky. 25, 77 S. W. 384; Wilson v. Royal Mutual Insurance Co., 137 Iowa, 184, 114 N. W. 1051; State Life Insurance Co. v. Tyler, 147 Ga. 287, 93 S. E. 415; N. Y. Life Insurance Co. v. Meinken's Adm'r (Ky.) 81 S. W. 239; Citizens' Insurance Co. v. Henderson Elevator Co., 123 Ky. 478, 96 S. W. 601, 97 S. W. 810, 124 Am. St. Rep. 371; Amarillo Mutual Life Insurance Co. v. Brown (Tex. Civ. App.) 166 S. W. 658, 666.

A. G. & E. D. Smith and B. J. Dryer, all of Birmingham, for appellee.

To make it effective against the policy holder, the clause as to forfeiture should have been contained in the policy of insurance as well as in the notes. 2 May on Insurance, 724; section 4579, Code 1907; 156 Ala. 592, 47 South. 72; 166 Ala. 169, 51 South. 877; 79 S. E. 482; 3 Ga. App. 685, 60 S. E. 470; 37 S. D. 176, 157 N. W. 308, and the Norris and Washburn Cases cited by

appellant. The company cannot forfeit the policy and keep the notes. 3 Ga. App. 685, 60 S. E. 477; 6 Ga. App. 721, 65 S. E. 716; 30 Ohio St. 240, 27 Am. Rep. 449.

McCLELLAN, J. The appellee instituted this action against the appellant to recover on two policies for $5,000 each, insuring the life of John L. Parker in favor of the appellee. The policies were issued and delivered, and the initial premium paid by the insured on April 19, 1913. Messrs. Hogue & Friedman were, so far as the insured was concerned, the general agents of the company (appellant) in the territory where the policies were issued. The second premium's date of maturity was April 19, 1914. This second premium contemplated compensation for insurance by these policies during the period intervening between April 19, 1914, and April 19, 1915. It was not paid when due. It was, however, arranged for in this way, to quote the agreed statement of facts:

"When the second premium on each of said policies was due, Parker did not pay or cause the same to be paid promptly, but on, to wit, June 5, 1914, he made settlement of said second premium in the following manner: On each of said policies he paid $25.80 in cash. He was entitled to a dividend of $6.40 on each of said policies, which was credited as a payment on said second premium on each of said policies; the said sums aggregating the amounts necessary to pay for carrying said policies to June 19, 1914; and as to each of said policies he gave notes for $32 each, due June 19th, August 19th, October 19th, December 19th, and February 19th next after date."

Proof of death was seasonably made. The company denied liability, and refused to pay the policies; its claim being that at the time of Parker's death the policies had been forfeited because of failure to pay premiums. The trial court, entertaining the contrary view, gave the general affirmative charge for the plaintiff, at her request.

[1-5] The rule has become generally accepted that, even though provision is made in a note executed by the insured or in a receipt for such a note, given for a premium, that the note, receipt, and contract of insurance shall be absolutely void if the note is not paid at maturity the *policy itself containing no like ground or right of* forfeiture such provision is vain, and is itself without effect to terminate the insurance, operating only to introduce a condition subsequent, an option in the insured that, to be effective, must be asserted and effectuated in some unequivocal way. 2 May on Insurance, § 345E; 2 Joyce on Insurance, §§ 1211, 1212. The Georgia Court of Appeals in Arnold v. Empire, etc., Co., 3 Ga. App. 685, 60 S. E. 470, has collated many of the authorities pronouncing to the same effect as the texts cited. With respect to forfeitures of policy contracts, these propositions are established: (a) That forfeitures of existing policy contracts for the failure to pay premiums are not favored in law; (b) that provisions in such contracts are construed, where at all equivocal, in favor of the insured; (c) that a forfeiture predicable of a breach of the conditions of a policy may be waived, which, when once effected, cannot be recalled; and (d) that the courts "are always prompt to seize hold of any circumstances that indicate an election to waive the forfeiture, or any agreement to do so, on which the party has relied and acted." Washburn v. Union Central Life Ins. Co., 143 Ala. 485, 488, 489, 38 South. 1011, 1012. If the rule of the texts before noted were otherwise, the provisions of Code 1907, § 4579, would deny to such stipulations for forfeiture, in notes or receipts, the effect to annul the policy. That statute provides:

"No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon. * * *"

In Mutual Life Ins. Co. v. Allen, 166 Ala. 159, 169, 51 South. 877, Code, § 4579, was accorded a broad, sympathetic construction; and the presently pertinent doctrine of that decision was recently approved by this court in Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, 301, L. R. A. 1918D, 860, though on rehearing the majority of the court gave effect to a different result because of other considerations. The policies here declared on contain no stipulation for a forfeiture because notes for a second or succeeding premium were not paid upon maturity, the effort to introduce that as ground for forfeiture appearing in the notes and receipts only. This fact, as well as the further fact present (to illustrate) in Satterfield v. Fidelity Mutual, etc., Co., 171 Ala. 429, 55 South. 200, that the payment of an *initial* premium was the subject of a default that the policy stipulated should afford a condition precedent to the going into effect of the policy, serves to differentiate and to render inapplicable as controlling authorities the concrete cases upon which appellant relies in this connection, viz. Satterfield v. Fidelity Mutual, etc., Co., supra; Washburn v. Union Cent., etc., Co., supra; Imperial, etc., Co. v. Glass, 96 Ala. 568, 11 South. 671; Norris v. New Eng., etc., Ins. Co., 198 Ala. 41, 73 South. 377; Pan American, etc., Co. v. Carter, 202 Ala. 237, 80 South. 75.

[6] In this instance it is to be noted, at the expense of repetition, that the initial premium was paid by Parker upon delivery of the policies, and that the policies themselves (including their attached documents) did not stipulate for a forfeiture because of the failure to pay notes given and taken for premiums succeeding the initial premium. It is insisted for the appellant that the italicized terms in the quotation (from the policies) to

follow had the effect to introduce into the policies a stipulation for the forfeiture asserted:

"Payment of Premiums. All premiums are payable in advance at said home office or to any agent or agency cashier of the company upon delivery, on or before date due, of a receipt signed by an executive officer (president, a vice president, secretary or assistant secretary) of the company and countersigned by said agent or agency cashier.

"The mode of premium payments may be changed by the owner of this policy by written notice to the company at its home office not less than forty-five days prior to any anniversary of this policy from annual payments to semiannual, or quarterly, or vice versa, at the premium rates and on the conditions in force at the date hereof.

"*Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable.* [Italics supplied.]

"A grace of one month (not less than thirty days) shall be granted for the payment of every premium after the first during which time the insurance shall continue in force. If death occur within the month (not less than thirty days) of grace the unpaid portion of the premium for the then current policy year shall be deducted from the amount payable hereunder."

This italicized expression did not so conclude. It had reference only to the just preceding provision whereby this insured was invested with the right to change from the system of annual payments to the mode of payment denominated "semiannual, or quarterly." It is to such payments that the word "installment," in the italicized paragraph ante, had reference.

[7] Such right as the insurer had to forfeit and annul these policies accrued on Parker's failure to pay the second premiums maturing on April 19, 1914. It appears from the agreed statement of facts that approximately 46 days after that date, on June 5, 1914, the company accepted from Parker $51.60 in cash and $12.80, resulting from dividends on these policies, "which was credited," as the agreed statement recites, "as a payment on said second premium on each of said policies"; and also accepted the several notes described in the quotation ante from the agreed statement. This action was a distinct waiver of the possible forfeiture that accrued, if at all, prior to June 5, 1914. The waiver thus effected was thereafter beyond recall. Washburn v. Union Central Ins. Co., 143 Ala. 485, 488, 489, 38 South. 1011. The recital in the agreed statement of facts, immediately succeeding that last quoted above, that "said sums [i. e. $51.60 and $12.80] aggregating the amount necessary to pay for carrying said policies to June 19, 1914"—that being the date of the maturity of the first two of the notes so given and accepted—cannot be interpreted as contradicting or qualifying the just preceding recital that these sums were credited on the "second premium on each of said policies," premiums that were designed, and that remained unchanged with respect to mode of payment within the purview of the above-quoted feature of the policies, to cover the annual premium for the year beginning on April 19, 1914, the insurance year during which Parker took his own life.

Eliminating, as must be done on the considerations before stated, the vain stipulations contained in the notes and receipts, only, for the forfeiture of these policy contracts upon the contingency of failure of Parker to pay the notes or any of them described in the agreed statement of facts, the case comes to this: An accomplished waiver by the insurer of the only possible forfeiture available to the insurer, and the acceptance by the insurer of the insured's notes for a balance of the second annual premiums, which notes, after their acceptance by the insurer, the insurer urged the insured to pay, notes that had not been returned to the insured at the time of his death. Under these circumstances, including the absence from these policies of any stipulation that would have authorized a forfeiture because of failure to pay any of the notes given for this second (not initial) premium on each policy, there was no right or power in the insurer to annul, to forfeit these policies after the waiver was effected in the early days of June, 1914, after the earlier duty of the insured to pay money at the annual premium date had been breached and the insurer had accepted partial, unrestricted payments in money on the second premium on each policy and the notes of the insured for the balance left unpaid after the credits stated had been applied, as the agreed statement recites, "on said second premium on each of said policies."

The judgment for plaintiff on both policies was well rendered. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. Application overruled.

ANDERSON, C. J., and McCLELLAN, THOMAS, and BROWN, JJ., concur.

SAYRE, J. (dissenting). I am unable to concur in the treatment given to the statute (section 4579 of the Code) by the majority opinion. The policies in suit did not offend against the statute. They contained every stipulation of the contract between the parties. One stipulation I quote:

"Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable."

The exception provided was that—

"A grace of one month (not less than thirty days) shall be granted for the payment of every premium after the first during which time the insurance shall continue in force," etc.

That exception does not affect this case. If the contract evidenced· by these policies could not be affected by subsequent agreements—which, being subsequently made, could not be incorporated therein—then plaintiff could not recover, for the second premium was not paid, nor did the exception save plaintiff's claim. The fact is that plaintiff's claim rests entirely upon the subsequent agreement by which the insurance company, *for the benefit of the insured,* agreed to waive the default by which the life of the policy, according to its own precise terms, had been terminated. Or, if it be said that the subsequent agreement was for the benefit of both parties to the contract, it is nevertheless true that plaintiff claims under so much of it as was for the benefit of the insured, or the beneficiary named by him. But to the continued life of the policy, notwithstanding the failure to pay the second installment, the insurance company agreed upon the express condition that the note for the second premium (or a part of it) should be paid at maturity, and now the court says, in effect, that, by reason of the statute, it will ignore the condition, though insisting upon so much of the contract as was for the benefit of the insured, with result, palpably, that plaintiff is given the benefit of a large insurance for which the insured has not paid. I would have thought that some other course would be sought. I should have thought that the rule of this court, of the Supreme Court of the United States, and of other courts, as shown by the citation of authorities in Pan-American Life Insurance Co. v. Carter, 202 Ala. 237, 80 South. 75, would have been allowed to perform its office of justice and right. In the case just referred to it was said of a similar situation:

"The effect of the default in paying the note on its due date was to forfeit the policy, because the policy holder, by plain words, agreed that it should have that effect. The validity of the contract in reference to the note and its payment cannot be successfully assailed. 'It did not undertake to destroy any existing right of the beneficiary under the policy. The extension of time was a favor, not a right, and the allowance of additional time for payment of a premium beyond its maturity did not operate to confer still further rights in spite of the terms of the extension.'"

The determination to reject an application of that rule, as it seems to me, can result only from an opinion that a contract of insurance, once made, can never be altered, or, if such a contract is subsequently altered, the courts will give effect only to such stipulations of the altered contract as favor the insured or his named beneficiary. My judgment is that the decision in Pan-American Life Insurance Co. v. Carter, supra, has been overruled· in effect, and if the principle of that case and the cases upon which it was planted is to be no longer observed, the fact may as well be plainly noted and understood.

SOMERVILLE and GARDNER, JJ., concur in this dissent.