(92 South. 201)

**NATIONAL LIFE & ACCIDENT INS. CO. v. JACKSON. (8 Div. 816.)**

(Court of Appeals of Alabama. Nov. 12, 1921. Rehearing Denied Jan. 10, 1922.)

**1. Insurance ⚖➥645(5)—Variance between amounts claimed and amounts named in policies would not preclude recovery.**

In an action on two life insurance policies, even if the amounts claimed, by inadvertence or otherwise, did not correspond with the amounts named in the policies, this fact alone would not preclude a recovery as to the amount claimed, if the proof was otherwise sufficient.

**2. Insurance ⚖➥146(3)—Contracts must be construed strictly against insurer preparing them.**

Where an insurance contract, prepared by the insurer, covered several pages of printed matter, the conditions as to prior insurance, being inserted for insurer's protection, will be liberally construed by the courts, so as to protect insured.

**3. Insurance ⚖➥392(1)—Condition as to prior insurance held waived by acceptance of premiums with knowledge thereof.**

A policy condition as to prior insurance may be expressly or impliedly waived by insurer, as where, with knowledge of breach of the condition, it continues to accept premiums.

**4. Insurance ⚖➥95—Insurer is bound by knowledge of its solicitors prior to execution of policy.**

The rule that knowledge of an insurance agent is the knowledge of the insurance company as to matters within the general scope of his authority applies to solicitors with reference to matters known to them prior to execution of the policy.

**5. Insurance ⚖➥95—Insurer is bound by knowledge of its agent collecting premiums.**

An agent, collecting premiums for insurer, must report to his principal information regarding such contracts coming to his knowledge and within the scope of his agency, and the insurer is bound by his knowledge.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by Joe Jackson against the National Life & Accident Insurance Company on two policies issued on the life of Jesse Jackson. Judgment for plaintiff, and defendant appeals. Affirmed.

Count C claimed the sum of $92.50, and sets out the policy and the conditions named therein. Count D claims the sum of $18, and sets out the policy, together with the conditions thereon. The policy set out in count C provides for the payment of $18 in case of death, and the policy set out in count D provides for the payment of the sum of $92.50 in case of death.

S. A. Lynne, of Decatur, for appellant.

The insured by acceptance and retention of the policy is bound to know the contents, and is also bound by the plain and unambiguous language of the contract. 105 Ind. 212, 4 N. E. 582; 92 Ill. 145, 34 Am. Rep. 122; 35 Mich. 395; 106 Ind. 513, 7 N. E. 241, 55 Am. Rep. 764; 90 Ala. 390, 8 South. 48. Because of discrepancies between the policies declared on in counts C and B, the defendant was entitled to the affirmative charge. It was also entitled to the affirmative charge, because it failed to establish the averments contained in its replications. 81 Ala. 140, 1 South. 773; 107 Ga. 565, 33 S. E. 802; 120 U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 646; 101 Neb. 855, 166 N. W. 247, L. R. A. 1918C, 342; 84 N. J. Eq. 459, 94 Atl. 572, L. R. A. 1918B, 780; 114 Ind. 1, 15 N. E. 813.

Wert & Hutson, of Decatur, for appellee.

The company denied all liability on the policy, and hence cannot complain of the premature bringing of the suit. 80 Ala. 571, 1 South. 202. The condition in the policy is in the nature of a defeasance and not a condition precedent. 64 Minn. 493, 67 N. W. 367, 58 Am. St. Rep. 549; 14 R. C. L. 1037. By its action in continuing to receive and

retain the premiums on all the policies, the company waived the conditions. 14 R. C. L. 1155. Knowledge of the agent with authority to act was knowledge to the company. 103 Iowa, 276, 72 N. W. 530; 80 Ala. 571, 1 South. 202; 94 Fed 990, 36 C. C. A. 615; 167 Mich. 274, 132 N. W. 1067, Ann. Cas. 1913A, 850.

SAMFORD, J. [1] Appellant's contention that it is entitled to the affirmative charge as to counts C and D is not well taken. Even if the amounts claimed, by inadvertence or otherwise, did not correspond with the amounts named in the policies, this fact alone would not preclude a recovery as to the amount claimed, if the proof was otherwise sufficient.

[2] By the pleading and evidence it is admitted that the insured procured a policy of insurance to be issued to her by the defendant company in April, 1918, which policy called for weekly premiums to be paid to defendant during the life of the policy, and which the insured continued regularly to pay and the defendant to receive until her death. It also appears that, subsequently, the same party procured to be issued from the same company two policies, dated, respectively, January and September, 1919, both of which policies called for the payment of weekly premiums during the life of the policies, which were regularly paid by the insured and received by the defendant. In procuring the second policy, and in answer to a question in the application made the basis of the issuance of the policy, she answered "No" to the question "Are you insured in this company?" And in procuring the third policy she answered "Yes" to the same question, and designated the second policy, thereby excluding the first. In the contracts of insurance sued on there appears this clause:

"This policy shall be void, if there is in force upon the life of the insured a policy previously issued by this company, unless the policy previously issued contains an indorsement signed by the proper officer authorizing the same."

There was such indorsement on the second policy issued, but not on the first. On the death of the insured, the defendant recognized the first policy as being in force, and paid the amount named therein to the designated beneficiary, but denied liability upon the last two policies, upon which this suit is brought, and in bar of a recovery pleaded the condition set out above, to which the plaintiff by way of replication set up a waiver of this clause by the company itself, in that, with knowledge of the failure to have the policy indorsed as required, defendant continued during a long period, and until the death of insured, to collect the premiums upon the policies sued on. To this replication defendant interposed demurrer.

Assuming that the grounds of demurrer, which are general in their nature, raise the question insisted upon in appellant's brief, let us see where it leads to. Grant, as is contended, that the contract, "as the parties deliberately chose to make it, must furnish the measure of their rights," still the contract was prepared by the insurance company, and, besides this condition, covers several pages of printed matter, inserted for its own protection and while binding upon both parties, was doubtless not emphasized at the time the insured was being solicited for insurance, and for this reason courts have been liberal in their construction of these contracts, so as to protect the insured and to strictly construe them against the company who prepared them. 8 Michie's Dig. 833, § 44.

[3] In the absence of fraud or mistake, the condition was binding upon the parties; but it is equally true that, having been inserted for the protection and benefit of the company, the company may, either expressly or by its act, impliedly waive it. Washburn, Adm'r, v. U. C. Life Ins. Co., 143 Ala. 485, 38 South. 1011; Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 South. 298; and where, as in this case, the defendant's company knew of the forfeiture, and with this knowledge continued to accept the premiums on all the policies during the life of the insured, there is a waiver of the condition alleged in the plea. Nat. U. v. Sherry, 180 Ala. 627, 61 South. 944. It makes no difference that in the case at bar the provision was that the second policy should not become effective if the indorsement was not made on the first policy. The company, with a knowledge of this omission, continued to receive the premiums on the two later policies, and thereby waived the condition. Authorities supra; 7 Cooley's Briefs on Ins. 2459-2462; 11 Cooley's Briefs, 1446 (h).

The foregoing is applicable to assignments of error 1 to 16, both inclusive, in which in various ways the questions are presented.

[4] The insistence is also made that the defendant is entitled to the affirmative charge, because of a lack of knowledge of the omission to indorse the policy on the part of the corporation. The first policy was issued in April, 1918; the second, in January, 1919; and the third, September 22, 1919. The insured died November 23, 1919. All of these policies were issued by the duly constituted officers of the corporation, so that the company knew they were issued. The insured was sick for three weeks before her death, and received from defendant sick benefits under each policy. So the corporation knew they were in force and recognized by it as binding. At the time the second and third policies were applied for, the insured told the soliciting agent for the company of the existence of

the first policy, in which was named a different beneficiary. Each week the collecting agent of the company collected from the insured the premiums on the three policies, and continued this until the death of the insured, being informed of the condition of the policies. The company retained the premiums, and recognized the validity of all the policies, until the death of the insured. As a general rule it may be said that knowledge of an agent of an insurance company as to matters within the general scope of his authority is knowledge of the company, and this rule applies to solicitors with reference to matters known to him prior to the execution of the policy, 3 Cooley's Briefs, 2522 (d); and also to agents charged with the duty of collecting premiums, N. W. Aid Ass'n v. Bodurtha, 23 Ind. App. 121, 53 N. E. 787, 77 Am. St. Rep. 414; Goodwin v. Prov. Sav. Life Assur. Ass'n, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; Carroll v. Charter Oak Ins. Co., 10 Abb. Prac. N. S. (N. Y.) 166.

[5] Corporations can only act through agencies, and likewise they receive notice and knowledge through agents acting within the scope of their authority, and a collecting agent, while collecting money for his principal upon outstanding contracts, must report to his principal information regarding such contracts coming to his knowledge while he is engaged in the business of collecting, within the scope of his agency. The defendant was not entitled to the affirmative charge as requested.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

The opinion is extended, and application overruled.