157 So. 73

**NEWRITER v. LIFE & CASUALTY INS. CO. OF TENNESSEE.**

7 Div. 262.

Supreme Court of Alabama.
Oct. 4, 1934.

Rehearing Denied Nov. 1, 1934.

360

Moreau P. Estes, of Nashville, Tenn., for petitioner.

Chas. F. Douglass, of Anniston, for respondent.

THOMAS, Justice.

The initial pleading consisted of a complaint alleging the issue of the policy on December 21, 1931, on the life of Roy L. Gladden, designating as beneficiary, appellant (the mother), and containing other necessary averments not here recited.

To the several counts of the complaint, defendant filed pleas, among which was the following:

"For further plea says the policy sued on contains the following provision:

"'If a like Travel and Pedestrian policy or policies previously issued by the Company to the insured be in force concurrently herewith, making the aggregate indemnity in excess of $1,000.00, the excess insurance shall be void and all premiums paid for such excess shall be returned to the insured.'

"At the time the policy sued on, #G9097867, was issued on December 21, 1931, on the life of Roy L. Gladden with plaintiff, Grace Newriter, as beneficiary, there was previously issued on January 20, 1930, on the life of said Roy L. Gladden, with Mary Gladden, wife, as beneficiary, policy #G8053220, which policy also contained the same provision as above set out. Defendant has paid to the said Mary Gladden, wife of the said Roy L. Gladden, under said policy #G8053220 the sum of $1,000, and accordingly is not liable for any further sum under said policy #G9097867 on the life of said Roy L. Gladden with Grace Newriter, mother, plaintiff, as beneficiary, except that it is obligated to return all premiums paid on said policy #G9098767 sued on in this case, which is the sum of $4.50, which defendant offered to pay and tendered to plaintiff, and which it now tenders and pays into Court."

The plaintiff replied to that plea with replication No. 16, that the quotation from the application that insured was not then a member of defendant, "if matter properly to be pleaded, cannot operate as defensive matter to this suit because defendant had notice of the existence on the same Roy Gladden of the other policy referred to in plea, and, with this notice collected and retained the premiums on the policy in suit until after the death of the insured, tendering same then, which plaintiff refused and did not receive and defendant thereby waived the right to plead this provision as defensive matter to this suit," as constituting a waiver. The statements of fact contained in replication No. 21 seeking to charge defendant with notice amounted to an estoppel as set up in replication No. 21.

■■ It has been declared by this court that a policy clause limiting liability to return of premiums, if policy of same kind is in force on the insured, is waived if, with knowledge of the first policy by the company

or its agent with authority, the second is issued and premiums received thereon. The law imputes to the insurer notice of facts coming to the knowledge of the agent acting within the scope of authority in prosecution of life insurance business. American Life Ins. Co. v. Buntyn, 227 Ala. 32, 148 So. 617; American Cent. Life Ins. Co. v. First Nat. Bank of Enterprise, 206 Ala. 535, 90 So. 294; American Ins. Co. of City of Newark, N. J. v. Inzer, 216 Ala. 553, 114 So. 187; Royal Exchange Assurance of London v. Almon, 202 Ala. 374, 80 So. 456; National Life & Accident Ins. Co. v. Jackson, 18 Ala. App. 347, 92 So. 201; 81 A. L. R. 843, 844.

■■ It is further declared that the law of waiver and estoppel with respect to insurers cannot be abolished by contract. American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 213, 142 So. 37. It need not be observed that the act or conduct amounting to a waiver or raising of an estoppel must be by or that of one with authority to waive or estop in the particular circumstances or business, and done in the course of that business and with a knowledge of the material facts bearing upon, entering in, and constituting such waiver or estoppel.

■ Without approving all that is said in the opinion of the Court of Appeals, we entertain the view and hold that the right result was announced as to the sustaining of demurrer to replications 16 and 21.

The petition for certiorari is denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.